Hanks v. Brown.

79  560
80  545
80  552
79  560
82  591
79  560
89  161
79  560
102  416
79  560
125  451

## HANKS V. BROWN.

1. **Gambling Contract**: WHAT IS NOT. Defendant gave his note for one hundred and fifty dollars for fifteen bushels of Bohemian oats, and for an interest in an agreement, whereby thirty bushels of the oats raised from those purchased were to be sold for him at ten dollars per bushel. This agreement was definite and free from contingency, but it embraced a clause to the effect that the transaction was of a speculative character, and not based upon the real value of the grain. *Held* that it was not a gambling contract within the meaning of section 4029 of the Code, and that recovery upon the note could not be defeated on that ground.

2. ———: STATUTE STRICTLY CONSTRUED. Section 4029 of the Code, defining and making void gambling contracts, being a criminal statute, cannot be extended to transactions which are not within the letter of it, although within its reason and policy. (See opinion for citations.)

3. **Contracts**: CONSTRUCTION: DUTY OF COURT. Where there is no dispute as to the facts involved in the making of a written contract in suit, it is the duty of the court to determine the questions of law.

4. **Appeal**: QUESTION RAISED BY APPELLEE. A party who does not appeal cannot be heard in this court to raise objections to the rulings of the trial court.

*Appeal from Madison District Court.*—HON. J. H. HENDERSON, Judge.

FILED, FEBRUARY 11, 1890.

ACTION on a promissory note made by defendant Brown, and indorsed by its payee, the defendant Hayden. There was a trial by jury, and a verdict and judgment for plaintiff. The defendant Brown appeals.

*Steele, Leonard & Wainwright,* for appellant.

*Eli Wilkin,* for appellee.

ROBINSON, J.—I. The note in suit was given on the thirteenth day of December, 1887, for the sum of one hundred and fifty dollars, and interest thereon at the rate of ten per cent. per annum. It was payable on or before the first day of January, 1889, to N. A. Hayden or bearer, and was purchased by plaintiff about the twenty-third day of December, 1887, for the sum of one hundred and thirty-five dollars. Appellant claims that it is a part of a gaming contract, and, therefore, void, also that the transaction of which it was a part was against public policy; that plaintiff is not an innocent purchaser for value; and that it is, therefore, void in his hands.

1. GAMBLING contract: what is not.

The note was given under circumstances substantially as follows: Two or three weeks before it was given, N. A. Hayden told appellant that he had raised over one hundred bushels of Bohemian oats from twenty bushels he had purchased, and would make from them twelve hundred or fourteen hundred dollars, and advised appellant to purchase some. It was finally agreed that appellant should purchase fifteen bushels of the oats, at ten dollars per bushel, for which he should give his note. In addition to the oats, he was to have the benefit of an agreement by virtue of which thirty bushels of oats were to be sold for him, at ten dollars per bushel. Said agreement was as follows:

"No. 39. Capital stock, $100,000. Home Office: Napoleon, O. A bond from the Crawford, Henry and Williams County Seed Company. Incorporated under the laws of Ohio, September 1, 1885, for the production and sale of grain and seed. It is agreed and understood by and between the party named in this bond and said company that the transaction covered by this obligation is of a speculative character, and is not based upon the real value of the grain. Know all men by these presents, that the Crawford, Henry and Williams County Seed Company do hereby agree to sell sixty bushels of Bohemian oats for Mr. Charles Hayden, at

ten dollars per bushel, less twenty-five per cent. commission, on or before November 1, 1888. In testimony whereof the said Crawford, Henry and Williams County Seed Company has caused this bond to be signed and sealed by the secretary of said company, this twenty-second day of November, 1887. This company will not be held responsible for any outside contracts made by agents, other than those expressed on face of this bond.

"THE CRAWFORD, HENRY &

WILLIAMS CO. SEED CO.,

" [L. S.]        Per O. H. BRASINGTON, Secretary."

The note in suit was given, and appellant became entitled to have sold, under the terms of the so-called "bond," thirty bushels of oats. In March, 1888, the oats were delivered to him. The details of the agreement need not be set out more fully, although some representations were made to appellant in regard to the prospective profits of the transaction, which probably influenced him. He became a party to the agreement, knowing and understanding all its provisions, and knowing that there was no market for Bohemian oats at the price stated. In making it he relied upon the so-called "bond." He raised about one hundred bushels of oats, but none have been sold under the agreement.

Appellant complains of the refusal of the court to give to the jury certain instructions, defining and explaining gambling contracts. The court charged, the jury that the note in suit was fraudulent, and against public policy, and that plaintiff could not recover thereon, unless he was an innocent purchaser for value; but did not authorize them to find that the note was void, as a gambling contract. Section 4029 of the Code is as follows: "All promises, agreements, notes, bills, bonds or other contracts, mortgages or other securities, when the whole or any part of the consideration thereof is for money or other valuable thing, won or lost, staked or bet, at or upon any game of any kind, or on any wager, are absolutely void and of no effect." Appellant contends that the note in suit falls within the provisions of that section; that the obligation of the seed

company is a wagering contract, depending upon "the happening or not happening of an uncertain event." The obligation contains a statement that it is of a speculative character, and is not based upon the real value of the grain, it is true, but that would not make it a wagering contract. A careful examination of the entire instrument will show that it does not rest upon any condition. The seed company agrees to sell a specified quantity of Bohemian oats, for a person named, on terms fully given, on or before a date fixed. The agreement does not depend upon the raising of the oats, nor the finding of a purchaser. The obligation of the company is fixed and definite, and there is nothing in the record to show that it does not express the real agreement, nor that it was designed as a cover for a transaction not fully disclosed. Appellant relied upon it to provide means for the payment of his note two months before it should become due, and a profit in addition. What the motive of the company was in becoming a party to it is not shown, but, in terms, it became liable for the fulfillment of its provisions. The agreement is not, therefore, a gambling contract, within the meaning of the section of the Code quoted. See *Matson v. Blossom*, 2 N. Y. Supp. 551. It is not claimed that it was affected by chapter 78, Acts Twenty-second General Assembly.

II. It is said that the agreement is within the spirit and intent of that section. But criminal statutes

2. ——: statute strictly construed.

are not elastic, and cannot be made to include cases without the letter, although within the reason and policy, of the law. *State v. Lovell*, 23 Iowa, 304. See, also, *Bond v. Railway Co.*, 67 Iowa, 714; *Boughner v. Meyer*, 5 Colo. 71; *Shaw v. Clark*, 49 Mich. 385, 13 N. W. Rep. 786; *Sondheim v. Gilbert*, 18 N. E. Rep. 690.

III. Appellant contends that the court erred in not requiring the jury to determine the real character

3. CONTRACTS: construction: duty of court.

of the transaction in controversy. But there was no dispute as to the facts involved in the making of the note and bond, and it

was the duty of the court to determine the questions of law. It was not a case where different minds might honestly draw different conclusions from admitted facts.

IV. Appellee complains in argument of so much of the charge to the jury as instructed them that the note in suit was against public policy and fraudulent, as between the parties thereto, and that plaintiff could not recover unless he was an innocent purchaser for value. Appellant makes no objection to that portion of the charge and, since appellee did not appeal, the question as to its correctness is not properly before us, and is not determined. The judgment of the district court is

4. APPEAL: question raised by appellee.

· AFFIRMED.