OF THE

## STATE OF IOWA.

AT

### DES MOINES, JANUARY TERM, A. D. 1904.

AND IN THE FIFTY-EIGHTH YEAR OF THE STATE.

---

STATE OF IOWA, Appellee, v. W. W. HARRIS, Appellant.

Grand Juror: ELIGIBILITY: INDICTMENT: MOTION TO QUASH.
1   A grand juror need not have voted, nor need his name have been found on the poll books to make him eligible as such, and a showing that the sheriff could not locate a grand juror as an elector in a certain district and that others of general acquaintance in the neighborhood had no knowledge of such person, was insufficient to set aside an indictment on the ground that no such person resided there.

Intoxicating Liquor: SALE BY PHARMACIST.   Where a registered
2   pharmacist sells liquor on an application containing the name of the purchaser, but omitting his residence and the name of the person for whom purchased, the sale is in violation of Code, section 2394, and a defense that he acted without criminal intent, or the belief that such requirements of the law were immaterial, will not avert the penalty.

Evidence.   It is not error to admit a document in evidence simply
3   because it was not before the grand jury.

(78)

*Appeal from Appanoose District Court.*—HON. F. W. EICHELBERGER, Judge.

TUESDAY, JANUARY 12, 1904.

INDICTMENT charging defendant with the offense of maintaining a liquor nuisance. Verdict and judgment of guilty, and defendant appeals.—*Affirmed.*

*J. M. Wilson* for appellant.

*C. W. Mullan*, Attorney General, and *L. De Graff*, Assistant Attorney General, for the State.

WEAVER, J.—After the return of the indictment against him, appellant filed a motion to set it aside, and, upon the ruling of the trial court denying the motion, 1. GRAND juror: error is assigned. It is said that the grand eligibility; indictment: jury which returned the bill was not drawn motion to quash. and impaneled as provided by law, because in the list of twelve jurors drawn for service at that term of court there was the name of one F. C. Zinn, described as an elector of the Second Ward of the city of Mystic, when in fact no such person resided in that precinct. The only showing in support of this allegation is the affidavit of the sheriff to the effect that, after diligent search and inquiry, he could not find a person of that name in said ward or city, nor could he find any one who knew such a person; and the affidavit of one Tait that he is a lawyer in Mystic, well acquainted with the voters of the city of the Second Ward, and has never known of any person there by the name of F. C. Zinn. The county auditor also makes affidavit that he finds no such name on the poll-books returned to his office. Without at this time attempting to decide whether a mistake of the kind here asserted is sufficient to invalidate an indictment, we have

to say that the showing in support of the motion is neither so clear nor conclusive that we can say that the court erred in refusing to sustain it. While the law requires that grand jurors shall be electors of the county, it does not require that a person must have voted, or that his name be found upon the pollbooks, to make him eligible to a place upon the list. The fact that the sheriff does not succeed in locating a juror, or that another man, having a wide general acquaintance in the neighborhood, has no knowledge of such a person, is not sufficient to justify a ruling that a jury drawn from a list including such a name is not legally impaneled. There was no error in denying the motion.

II. It is next said that the evidence is insufficient to support a verdict of guilty. Defendant is a registered pharmacist doing business in the city of Centerville, and **2. INTOXICATING** holds a permit to keep and sell intoxicating **liquors: sales** liquors for lawful purposes. The evidence **by pharma-** **cist.** tends to show several sales made by him to different persons, each of whom resided at the time in the city of Centerville, and that in said city the streets were named, and the residences thereon were numbered. In each instance the purchaser made a request upon a printed blank containing a clause in the following form: "My true name is——. I am not a minor and I reside in —— township (or) town of Centerville at No.——in the county of Appanoose and State of Iowa." In each instance the blank space for the name of the purchaser was filled out, but the others were left unfilled. The single question here presented is whether the sales thus made are under the protection of the appellant's permit. The Statute (Code, section 2394) provides that "before selling or delivering intoxicating liquors to any person a request must be signed by the applicant in his true name, truly dated, stating that the applicant is not a minor, his residence, for whom and whose use the liquor is required and, where

numbered, by street and number if in a city." That the
requests accepted by the appellant do not comply with
these requirements is too clear for dispute. It is urged,
however, that, conceding this omission, it is, at most,
merely technical, and, if the law has been fully complied
with in other respects, the court should hold that no guilt
is incurred. It must be remembered that the law forbids
the sale in all cases and under all circumstances, save as
specified in the statute. It is competent for the legisla-
ture to prescribe such conditions precedent to a legal sale
as its wisdom may suggest, and it is not within the pro-
vince of the permit holder or of the court to ignore any
one of them as immaterial. Nor is the requirement that
the residence of the purchaser be stated in the request at
all unreasonable, and it certainly involves no great labor
or hardship. One of the evident purposes of requiring
writen requests, and that they be returned to the county
auditor, is to have preserved of record the information
which will afford evidence of the manner in which the
business is conducted. In making investigations and con-
ducting prosecutions, it is always a matter of importance
to locate definitely purchasers who may be needed as wit-
nesses, and obedience to this requirement serves to ac-
complish that end. The blanks used by the appellant
indicated to him the need of stating definitely the pur-
chaser's residence. The statute itself is clear and explicit,
and we see no way to escape the conclusion arrived at by
the jury and court below. It is by no means impossible
hat appellant acted in good faith, without any intent to
violate the law, but this is of that class of cases in which
onscious intent to do wrong is not essential to legal guilt.
he law of this state affixes a penalty to each sale of in-
oxicating liquors, save where certain conditions are first
omplied with. When the permit holder observes those
onditions, he is safe; but, when he does not, a claim that

he acts without criminal intent, or believes that some of the conditions are immaterial, is unavailing to avert the penalty.

III. For some purpose not made clear by the record, the court, over appellant's objection, permitted the state to introduce in evidence certain matter shown by the

3. EVIDENCE.

Official Register of Iowa. The only point made in argument against the ruling thus complained of is that this document was never before the grand jury. That this objection is not well taken, see *State v. Farrington*, 90 Iowa, 673.

It is further said that the admission of the evidence was a violation of the appellant's constitutional rights, but, as counsel do not in any manner specify or point out what particular constitutional right or guaranty has been disregarded, we find it unnecessary to consider the question.

We find no error in the instructions.

The judgment of the district court is AFFIRMED.