STATE OF IOWA, Appellant, v. C. C. ANDREWS, Appellee.

Criminal law: INCEST: STATUTE. The crime of incest can only be
1 committed by cohabitation or intercourse between persons related within the degrees of consanguinity or affinity, whose inter-marriage is specifically prohibited by statute. The statute will not be construed to include those not strictly within its letter, though within its reason and policy; and thus intercourse between defendant and a daughter of his wife's brother was not within the terms of the statute.

Same: INTER-MARRIAGE: PROHIBITION: STATUTE. The prohibition
2 against inter-marriage between persons related within certain degrees of consanguinity applies only to those related within the Levitical degrees; and a statutory prohibition relating solely to degrees of consanguinity will not be extended by implication to degrees of affinity.

Same: INCEST DEFINED: STATUTORY CRIME. Incest is the cohabitation
3 or sexual commerce between persons related within the degrees wherein marriage is prohibited. It is purely a statutory crime which was unknown to the common law, and to constitute the crime as be-

tween uncle and niece the relationship must be that of blood and not of affinity, unless the statute provides otherwise.

*Appeal from Clinton District Court.*—HON. WILLIAM THEOPHILUS, Judge.

THURSDAY, NOVEMBER 5, 1914.

INDICTMENT for incest. Judgment for defendant. The State appeals.—*Affirmed:*

*Geo. Cosson,* Attorney General, and *Wm. T. Oakes,* County Attorney, for the State.

*T. W. Hall* and *C. H. George,* for appellee.

PRESTON, J.—It was conceded on the trial that defendant was accused of having intercourse with the daughter of his wife's brother, or his niece by affinity. The trial court ruled that under such circumstances the act of intercourse did not constitute incest within the meaning of our statute. The statute as it now stands is as follows:

If any man marry his father's sister, mother's sister, father's widow, wife's mother, daughter, wife's daughter, son's widow, sister, son's daughter, daughter's daughter, son's son's widow, daughter's son's widow, brother's daughter or sister's daughter; or if any woman marry her father's brother, mother's brother, mother's husband, husband's father, son, husband's son, daughter's husband, brother, son's son, daughter's son, son's daughter's husband, daughter's daughter's husband, brother's son or sister's son; or if any one marry his or her first cousin; or if any person, being within the degrees of consanguinity or affinity in which marriages are prohibited by this section, carnally know each other, they shall be guilty of incest, and imprisoned in the penitentiary not exceeding twenty-five years nor less than one year. (Code, section 3936.)

The contention of the state is that this section makes intercourse between persons ''within the degrees of consanguinity or affinity in which marriages are prohibited by this section'' incestuous, and it is the claim that the relation of uncle and niece by affinity is within the degrees of affinity in which marriages are prohibited by statute. It is said, further, that this law prohibits the marriage of first cousins, and the state contends that marriages under all degrees of relationship that are by ties of affinity or consanguinity closer than first cousins come under the ban of the statute; that the relationship of uncle and niece is closer than first cousins, hence that is a relationship within the prohibitive degree. The argument is that by the use of the word ''within'' the Legislature intended to not only make carnal knowledge between people in the specified degrees incestuous, but also make carnal knowledge between people related as closely or more closely than the degrees specifically named incestuous, and they say that the only question involved here is really an interpretation or definition of the word ''within'' as here used.

1. CRIMINAL LAW: incest: statute.

The trouble with this contention is that the statute does not make carnal knowledge between people related as closely or more closely than the degrees specifically named incestuous. Definitions of the word ''within'' as given in the dictionaries are referred to in the argument, and then counsel say:

It would seem to us that, with the statute worded as it is, the Legislature intended to cover other degrees of relationship than those especially enumerated that would be as close or closer than the enumerated ones.

By this, counsel for the state seem to concede that the statute quoted, and upon which the indictment is based, does not specifically enumerate such an act as incest. Some of the relations enumerated in the statute are those of consanguinity, others affinity, and the latter part of the section simply provides that:

If any person, being within the degrees of consanguinity or affinity in which marriages are prohibited by this section, carnally know each other, they shall be guilty of incest, etc.

We think the word "within," or the words "being within," in this statute, are not intended to include other relations not mentioned in the first part of the section. The latter part of the section clearly refers to the first part.

No cases are cited by counsel for the state to sustain their position. While the statutes of Indiana are somewhat different from our own on this subject, we think there is no material difference as to the point now under consideration. The statutes of that state provide, in substance, that:

If any uncle or aunt shall have sexual intercourse with his or her niece or nephew, etc., shall be guilty of incest.

Under such a statute, the court in that state, in the case of *State v. Tucker*, 174 Ind. 715 (93 N. E. 3, Ann. Cas. 1913A, 100), said that:

All the cases decided by state courts involving the crime of incest between uncle and niece, which we have been able to find, disclose a relationship by blood.

This case is also reported in 31 L. R. A. (N. S.) 772, where, in the note, the statement is made that no case, aside from the *Tucker* case, has been found involving the question whether sexual intercourse between a man and his niece by marriage constitutes incest.

Sexual intercourse between a man and his wife's sister is not incest, when not regulated by statute. *Dukes v. Clark,* 2 Blackf. (Ind.) 20. Our statute does not make such an act incest, and we think it would not do to go a step farther and say that it would be incest for a man to have connection with a daughter of his wife's sister. The same relation exists between a man and a daughter of his wife's sister as between him and a daughter of his wife's brother, which is the relation in this case. We think the maxim, "The expression of

one thing is the exclusion of another," applies here, and the specific enumeration in the statute of the persons prohibited to marry necessarily excludes those not mentioned therein. *District Township of Dubuque v. City of Dubuque,* 7 Iowa, 262.

It is the rule that criminal statutes are to be strictly construed, and cannot be made to embrace cases not within the letter of the law, even though they come within the reason and policy of the law. *State v. Lovell,* 23 Iowa, 304. *In re Estate of Kuhn,* 125 Iowa, 449. In the last case cited, the court quotes with approval from Chief Justice Marshall, speaking of the construction of statutes, the following language:

The rule that penal laws are to be construed strictly is perhaps not less old than construction itself. It is founded on the tenderness of the law for the rights of individuals, and on the plain principle that the power of punishment is vested in the Legislature, not in the judicial department. It is the Legislature, not the court, which is to define crime and ordain its punishment. It is said that, notwithstanding this rule, the intention of the lawmakers must govern in the construction of penal as well as other statutes. This is true, but this is not a new, independent, rule which subverts the old. It is a modification of the ancient maxim, and amounts to this: That, though penal laws are to be construed strictly, they are not to be construed so strictly as to defeat the obvious intention of the Legislature. . . . The intention of the Legislature is to be collected from the words they employ. . . . The case must be a strong one, indeed, which would justify a court in departing from the plain meaning of the words, especially in a penal act, in search of an intention which the words themselves did not suggest. To determine that a case is within the intention of a statute, its language must authorize us to say so. It would be dangerous, indeed, to carry the principle that a case which is within the reason or mischief of a statute is within its provisions, so far as to punish a crime not enumerated in the statute, because it is of equal atrocity or of kindred character with those which are enumerated.

The prohibition against intermarriage or carnal knowledge between persons related by consanguinity, unless expressly extended by statute, applies only to those related within the Levitical degrees. 22 Cyc. 45, 46. A statutory prohibition expressly relating to degrees of consanguinity will not by implication extend to degrees of affinity. 22 Cyc. 46. And in this case we ought not to extend by implication the plain language of the statute.

2. SAME: intermarriage: prohibition: statute.

In order to arrive at the intention of the Legislature, we may notice how the crime of incest has been defined and decided in the past. Incest is defined as the crime of cohabitation or sexual commerce between persons related within the degrees wherein marriage is prohibited. Webster's Dictionary. See, also, 22 Cyc. 43; Bouvier's Law Dictionary, vol. 1. And in *State v. Tucker, supra,* we find this:

3. SAME: incest defined: statutory crime.

'Incest' is defined as 'sexual intercourse between persons so nearly related that marriage between them would be unlawful.' . . . Mr. Story, in his work, Conflict of Laws (8th Ed.) 115, says: 'There is a clear and just moral difference between the marriage or sexual intercourse of persons related by consanguinity and that of persons related only by affinity. In its primary sense, niece means, and it is understood, relationship by consanguinity.'

Incest was not known to the common law, and is therefore a statutory crime. Its definition would vary according to the different statutes themselves. The decisions and constructions seem all to point the same way, that to constitute the crime of incest between an uncle and niece, the relationship must be that of blood, and not by affinity, unless the statute provides otherwise. Our Legislature, when defining the various degrees within which persons are prohibited from marrying, and then providing that, ''Or if any person, being within the degrees of consanguinity or affinity in which marriages are prohibited, carnally know each other, they shall be

guilty of incest," simply refers to the particular relationship specified in which marriage was prohibited. This seems to be the rule adopted and established by the authorities.

, We think the holding of the trial court was correct, and the judgment is therefore—*Affirmed.*

LADD, C. J., and EVANS and WEAVER, JJ., concur.