HYMAN WOLTIN, Plaintiff, *v.* METROPOLITAN LIFE INSURANCE COMPANY, Defendant. (Actions Nos. 1, 2 and 3.)

Municipal Court of New York, Borough of Queens, Fifth District, April 8, 1938.

*Goldstein & Goldstein*, for the plaintiff.

*Henry C. Frey*, for the defendant.

MORRIS, J. The defendant in these actions issued three policies of life insurance containing provisions for the payment of disability health benefits to the plaintiff. Separate actions have been brought to recover disability benefits on each of these policies as follows:

Action No. 1 — Policy 5822994-A.
Action No. 2 — Policy 6018034-A.
Action No. 3 — Policy 6616354-A.

In applying for the policies in each instance the plaintiff gave his birth date as March 15, 1885. In accordance with the age given the amount of insurance purchased is as follows:

Action No. 1 — $5,000.
Action No. 2 — $10,000.
Action No. 3 — $8,000.

The policies in suit herein each contain the following provision: " (a) if the age of the insured has been misstated, the amount payable hereunder shall be such as the premiums paid would have purchased at the correct age."

The plaintiff contends that he stated his correct age in each of the policies in suit, while the defendant claims that although it recognized the plaintiff's disability within the policy terms in 1932 and paid benefits thereon to September 21, 1935, it then discovered

that the plaintiff had misstated his age in that he had been born on March 15, 1878, instead of 1885, a difference of seven years.

It is stipulated by the parties that if the plaintiff's correct birth date is 1878 and not 1885, the face amount of the policies and the monthly disability rate would be as follows:

|  | Face amount | Monthly benefits |
| --- | --- | --- |
| Action No. 1 | $3,750 85 | $37 51 |
| Action No. 2 | 7,501 71 | 75 02 |
| Action No. 3 | 5,929 37 | 59 29 |

It is further stipulated that if the correct birth date is 1878, then the defendant has overpaid the plaintiff as of September 21, 1935, a sum greater than the nine months' disability sued for in each action. Therefore, if the plaintiff's true birth date is 1878, the amounts paid to the plaintiff by the defendant are full payment of all sums due under the policies and the defendant at the time of the commencement of each of these actions owed the plaintiff nothing.

The question of fact to be determined by the court is the true or correct birth date of the plaintiff, 1878 or 1885.

In substantiation of plaintiff's contention that the true or correct birth date is 1885 is

(a) The plaintiff's statement contained in his application for each policy as follows:

Action No. 1, May 14, 1929.

Action No. 2, September 13, 1929.

Action No. 3, October 6, 1930.

(b) The plaintiff took the stand in his own behalf and testified that he would be fifty-three on March 15, 1938.

If that was all there is to the record, " judgment plaintiff " could be easily written. (*Campanaro* v. *Prudential Ins. Co.*, 235 App. Div. 702.) A summary of the plaintiff's testimony presents an interesting story — that he was born in Bobroisk, Russia, and came to America in 1906 with his wife, who is still alive, sailing from Liverpool in the *Northland;* that he was married when he was twenty years old and was married one year before he came to America; that at the time he left Russia military service was obligatory between the ages of twenty and twenty-one, but that he did no military service at all; that he was twenty-one years old when he arrived in America and gave age twenty-one to the shipping authorities and to the Immigration Bureau; that he became a citizen about nine or ten years after he came to this country, procuring his citizenship papers in November, 1915.

The defendant offered in evidence, to which there was no objection, a paper known as a certificate of citizenship issued to the

plaintiff by the Department of Labor. The first part of the certificate is an application signed by the plaintiff reading in part as follows:

" Personal description of holder as of date of issuance of this certificate; age 56 years; sex male * * * I certify that the description above given is true and that the photograph affixed hereto is a likeness of me."

" HYMAN WOLTIN

" Complete and true signature of holder."

On this same exhibit, as a result of the application of and certification by the plaintiff over his signature, the Department of Labor, on October 2, 1934, issued the new certificate of citizenship stating that the plaintiff was " naturalized by the United States District Court for the Eastern District of Pennsylvania at Philadelphia on November 4, 1915."

It is apparent that the plaintiff, as part of the application, certifies as to his identification marks — such as age — that he was fifty-six years of age in 1934, sex, color, complexion, height, etc., and having been properly identified on his own certification, the Department of Labor issued the certificate of citizenship.

Four certificates of the board of elections of the city of New York were offered and marked in evidence, the plaintiff not objecting, showing that plaintiff had his first vote in 1920; that he was naturalized October 4, 1915; that he registered October 8, 1920, and gave his age as forty-one; that when he registered October 13, 1928, he gave his age as forty-nine; that when he registered October 11, 1929, he gave his age as fifty; and that when he registered October 12, 1932, he gave his age as fifty-three. Two photostatic copies of the plaintiff's renewal application for a chauffeur's license were received in evidence which show that the plaintiff in his application for 1934–1935 and again in his application for 1936–1937 gave as the date of birth March 15, 1878.

The plaintiff was thereafter recalled by his attorney and offered as an explanation to the above admissions as to age contained in the aforesaid exhibits the following testimony: That he " told the Immigration Bureau I am 21 years old, my right age," and, later, " because I was older at that time, I gave the Immigration Bureau older than I was * * * I gave them about seven years older," and that he " carried that age through when " he made application for citizenship and he did the same thing on the applications for his chauffeur's license and the same thing each year he voted.

This testimony at least eliminates any question that the exhibits, *i. e.*, certificate of citizenship, four certificates of voting record and

two renewals of chauffeur's licenses, incorrectly stated as a fact any statement made by the plaintiff. These exhibits are proof of the fact that whatever information as to age is contained in each one of them was given by the plaintiff himself.

The plaintiff concedes, therefore, by his explanation that he has not on every occasion told the truth as to his true or correct birth date. He admits that on more than ten occasions he contended his true birth date is 1878, when he sailed for America, when he arrived in America, when he applied for citizenship, when he became a citizen in November, 1915, when he had his first vote in 1920 and registered in 1920, when he registered in October, 1928, in October, 1929, and in October, 1932, when he applied to the Department of Labor for a new certificate of citizenship in October, 1934, when he applied for the renewal of his 1934–1935 and 1936–1937 chauffeur's license.

The chauffeur's renewal applications in evidence contain the following significant language:

" Warning: Any person making a false statement in an application for registration, or in the above application for a license, or in any proof or statement in writing in connection therewith, * * * shall be guilty of a misdemeanor, punishable by a fine of $500.00 or imprisonment for one year, or both, and by revocation of license."

The plaintiff, therefore, would have it understood and wants the court to believe that (a) on over ten occasions and in some instances under oath he knowingly and intentionally stated a material fact incorrectly, to wit, his age; (b) that when he stated his correct or true birth date as 1878 on each such occasion, whether orally or in writing, and over his signature or certification, it was knowingly false and untrue; (c) that he was guilty of having made a false statement in his applications for a chauffeur's license.

The age of the plaintiff was a necessary part of the information required by the steamship company, the passport and immigration authorities and the citizenship bureau. The plaintiff's age would appear to be material, when leaving his own country, embarking from England and arriving in the United States. The court may infer, in view of the testimony as to his entry in this country, that he came here legally, after complying with the requirements of his native land, the land from which he sailed and the land of his adoption. Military service was obligatory between the age of twenty and twenty-one, but, according to his own story, he did no military service at all, arriving in this country when he was twenty-one, having been married at the age of twenty, and yet there is no testimony that he left or fled from Russia avoiding military service. The court may infer that he could not, therefore, have arrived in the United States when he was twenty-one years old.

In the opinion of the court the *prima facie* case made by the plaintiff by the offering of the policies in evidence (*Campanaro* v. *Prudential Insurance Co., supra*) has been overcome by the documentary evidence offered by the defendant to the effect that the age of the plaintiff was seven years greater than that stated in each policy. The statements of the plaintiff made to the various public authorities, passport, immigration, citizenship, election, license, at a time when no motive for falsifying existed or appeared to exist, that his correct birth date is 1878, is accepted by the court as the correct statement of the fact. Each written instrument signed or the information therein supplied by the plaintiff is documentary evidence. Documentary evidence may be any written instrument to which the plaintiff did or did not affix his signature and from which written instrument evidence material to the issues is supplied. " A public document is one recording facts which may have been inquired into or taken notice of for the benefit of the public by an agent authorized and accredited for the purpose." (22 C. J. 791, note 14.) Public documents may include records generally, registers of births, baptisms, marriages, deaths and other registers, such as immigration, citizenship, election and license.

In *Hartshorn* v. *Metropolitan Life Ins. Co.* (55 App. Div. 471) the court held that a record of baptism kept by the rector of Trinity Church in Saugerties, pursuant to the canons of the Protestant Episcopal church in the United States, together with certain testimony of decedent's sister identifying the party named in the record of baptism, constituted *prima facie* evidence of the identity of the deceased and of the fact that she was living on the date set forth in the record and raised a presumption as to the identity and the date.

To rebut the presumption raised by the various public documents marked in evidence, the plaintiff submitted the testimony of Abraham Katine, a second cousin of the plaintiff, who testified that he does not know when plaintiff was born; that he went in the army when he was twenty and left the army at twenty-three years of age, about January, 1898, and that about a month or six weeks thereafter he was called in at that time for a confirmation or bar mitzvah by plaintiff's father; that in the Jewish faith a boy is bar mitzvah at thirteen years of age, and the witness testified at the time of the trial he was sixty-three years old. He testified further that if the boy is past thirteen years of age he cannot say if they have the ceremony of bar mitzvah or not, but as a rule they do it when they are thirteen years old; that he remembers when the plaintiff was a baby for two years and at that time the witness was ten or eleven or fifteen years of age; and, finally: " Plaintiff's

Counsel: Did you ever hear of a Jewish boy bar mitzvahed at the age of 20? The Witness: No, never, can't say."

The testimony of the witness Katine is entitled to but little weight and is not reasonably strong and convincing as to what is the real age of the plaintiff.

In *Hartshorn* v. *Metropolitan Life Ins. Co. (supra)* the information contained in the record of baptism was supplied by some person other than the one identified. In the instant case the information as to plaintiff's correct birth date contained in public documents was supplied by the plaintiff himself and in some instances signed by him.

Upon a consideration of the whole case I am of the opinion that the presumption raised by the certificate of citizenship of the Department of Labor, the four certificates of the board of elections of the city of New York, the two applications for renewal of chauffeur's license and other testimony adduced during the trial that the plaintiff was born March 15, 1878, was not overcome by sufficient evidence to permit a finding that the plaintiff was born March 15, 1885.

Judgment for defendant dismissing each complaint on the merits.