STATE OF IOWA, appellant, v. RAY HILL, appellee.

No. 48148.

(Reported in 57 N.W.2d 58)

406

February 10, 1953.

Robert L. Larson, Attorney General, Raphael R. R. Dvorak, Assistant Attorney General, and M. C. Herrick, County Attorney, for appellant.

Hall & Ewalt, of Indianola, for appellee.

BLISS, J.—■ I. The State appeals under section 793.20, Code of 1950, not to deprive the defendant of the benefit and finality of the judgment, but to determine a question of law inhering in the ruling of the district court, which may be an aid and guide for trial courts in the future. The appeal is proper under the following decisions and authorities cited therein: State v. Traas, 230 Iowa 826, 828, 298 N.W. 862; State v. Schreck, 231 Iowa 542, 543, 544, 1 N.W.2d 690; State v. Kellison, 233 Iowa 1274, 1276, 11 N.W.2d 371; State v. Reickenbach, 235 Iowa 731, 17 N.W.2d 530; State v. DeMarce, 237 Iowa 648, 649, 23 N.W.2d 441; State v. Tomlinson, 239 Iowa 323, 324, 325, 31 N.W.2d 384.

■ II. It is an ancient rule, which has been long recognized by this court, that penal laws and criminal statutes are inelastic and are to be strictly construed and not held to include charges plainly without the fair scope and intendment of the language of the statute, though within its reason and policy, and in the event of doubts they are to be resolved in favor of the accused. State v. Lovell, 23 Iowa 304, 305; State v. Julien, 48 Iowa 445, 447; Hanks v. Brown, 79 Iowa 560, 561, 44 N.W. 811; State v. Wignall, 150 Iowa 650, 656, 128 N.W. 935, 34 L. R. A., N. S., 507; State v. Andrews, 167 Iowa 273, 277, 149 N.W. 245; State v. Campbell, 217 Iowa 848, 853, 251 N.W. 717, 92 A. L. R. 1176; State v. Cooper, 221 Iowa 658, 666, 265 N.W. 915; State v. Brighi, 232 Iowa 1087, 1089, 7 N.W.2d 9; State v. Schultz, 242 Iowa 1328, 1333, 50 N.W.2d 9. Reannouncing this rule, the court in Kuhn v. Kuhn, 125 Iowa 449, 452, 453, 101 N.W. 151, 152, 2 Ann. Cas. 657, quoted with approval, the words of Chief Justice Marshall in United States v. Wiltberger, 5 Wheat. (U. S.) 76, 5 L. Ed. 37:

"It is the legislature, not the court, which is to define crime and ordain its punishment. It is said that, notwithstanding this rule, the intention of the lawmakers must govern in the construction of penal as well as other statutes. This is true. But this is

not a new, independent rule which subverts the old. It is a modification of the ancient maxim, and amounts to this: that, though penal laws are to be construed strictly, they are not to be construed so strictly as to defeat the obvious intention of the legislature. The maxim is not to be so applied as to narrow the words of the statute to the exclusion of cases which those words, in their ordinary acceptation, or in that sense in which the legislature has obviously used them, would comprehend."

Chapter 124 of the 1950 Code, entitled "Beer and Malt Liquors", provides in section 124.1 thereof that it is unlawful for any person to sell beer unless he has a permit issued as provided in that chapter. Permits classed as "A", "B" and "C" are provided for in that chapter. The holder of a class "B" permit is authorized to sell beer on specified premises for consumption, off the premises, and on the premises if consumed with food served and there is equipment to so serve twenty-five persons at one time. Consideration of class "C" permits may be disregarded in this appeal since, under section 124.10, Code of 1950, they shall be issued only to the proprietor of a grocery store or pharmacy, and defendant was operating a tavern.

Section 124.20, among other provisions not pertinent here, provides: "It shall be unlawful for any person to sell, give or make available to any minor or to permit any minor to purchase or consume any beer on the premises of a class 'B' or class 'C' permit holder, or for any minor to buy or attempt to buy or to secure or attempt to secure beer from any person, and it shall further be unlawful for any person to offer beer, with or without consideration, to any minor, except within a private home and with the knowledge and consent of the parent or guardian of said minor. A violation of the provisions of this paragraph by any holder of a class 'B' or class 'C' permit or any of his agents or employees in connection with the operation of a beer business under said class 'B' or class 'C' permit shall be a mandatory ground for revocation of said permit, in addition to other mandatory grounds provided in this chapter."

The grand jury of Warren County, Iowa, on March 25, 1952, returned an indictment against the defendant accusing him of the crime of selling beer to a minor in said county on January 17,

1952, at his tavern in Martensdale contrary to the provisions of section 124.20 of the 1950 Code of Iowa. He pleaded not guilty, and trial was had.

A duly certified photostat from the department of vital statistics showed that the minor was born June 17, 1932. He testified that on the evening of January 17, 1952, the defendant sold him at his tavern in Martensdale, known as "Ray's Tavern", a bottle of beer which he consumed at the tavern, and a carton of six bottles of beer for which he paid defendant $1.50; that he drank two bottles out of the carton as he was driving on the highway toward his home; that he had previously bought and drank beer in defendant's tavern. Two companions testified to his entering the tavern without any beer and of returning to the automobile with the carton of beer.

A member of the Iowa Highway Patrol testified that on the evening of January 17, 1952, he stopped the car driven by the minor, in which his two companions were riding, and found the carton with four bottles of beer. He took the minor and the carton with the four bottles of beer to the office of the sheriff of Warren County, who produced them at trial. He and another patrolman and the sheriff testified that on the 18th of January, 1952, they interviewed the defendant at his tavern about the sale of the beer to the said minor, and defendant admitted that he had sold the person described the bottle of beer which he drank at the bar and also the carton of beer, and that the purchaser had been at the tavern on previous occasions, on one of which he had shown him written verification that he was twenty-one years old.

At the close of the plaintiff's testimony it offered Exhibit S-3, being a copy of defendant's class "B" permit, with the certificate of the town clerk attached, as follows:

"State of Iowa Beer Permit Class B.

"The permittee herein, having complied with the statutes of the State of Iowa, in making application for a Class B Permit to Sell Beer in this State, and with requirements of Town Council of Martensdale, Iowa, this Class B Permit is issued to Ray's Tavern, Martensdale, granting permission to Sell Beer, as authorized in said statutes, at the premises indicated above.

"This permit is nontransferable, and expires on the 4th day of May, A.D. 1952, unless previously revoked.

"In Testimony Whereof, I have caused the seal of said Town to be hereunto affixed.

"Dated at Martensdale, in the County of Warren, State of Iowa, this 24th day of April, A.D. 1951.

(Seal) "Herbert Stroud, Town Clerk."

Attached to the copy of said permit was the following certificate:

"Certificate.

"I, Herbert Stroud, Town Clerk of the Town of Martensdale, do hereby certify that the attached Permit is a true and correct copy of the original Class 'B' Beer Permit issued to Ray Hill by the Town of Martensdale, Iowa, dated April 24, 1951, and that said Permit remains in full force and effect at this time, as shown by the records of the Town of Martensdale, in my possession as Clerk of said Town. Dated March 31, 1952.

"Signed: Herbert Stroud

(Seal) "Clerk of the Town of Martensdale, Iowa."

Defendant made the objection to the offer of Exhibit S-3: "It is objected to as being incompetent, irrelevant and immaterial, not properly identified. Amounting to an attempt to secure the testimony of a person who didn't testify before the grand jury; not the best evidence."

The court, after reading the certificate aloud, said: "That doesn't show the record of the issuance of the permit. It shows only a certified copy of the permit itself. Now, it is my idea, and I may be wrong, that in criminal matters where there is a record, the complete record should be shown, and that the officer having the custody of that record should be here to identify it and swear to its authenticity. Otherwise we could convict people upon just handed-in certified copies of records where the records are necessary to the conviction, without giving the defendant an opportunity to combat that record. In other words, to cross-examine the persons who have the custody of it to show whether or not that is the full and complete record. I can't see, Mr. Herrick,

that that would be admissible here in order to take the place of the record of the issuance of the permit, which I think is necessary in this case. The objection will be sustained."

Defendant then moved that the court direct a verdict in his favor for the reasons:

"That the testimony and proofs as presented by the State do not support the allegations of the indictment, and do not constitute proof of a case against the defendant; and particularly that the proofs introduced by the State do not show the sale of any beer to any minor upon any premises of a Class B or Class C permit holder; and that the proofs as introduced herein do not sustain the charge of the indictment here in this case in any particular; and said defendant further moves the court for a directed verdict, as aforesaid, for the reason of said failure of proofs.

"The Court: I think it is incumbent upon the State to prove that the sale was made in this tavern under a Class B permit. I think that is necessary. I guess we can't look at it alike. The motion will be sustained."

The plaintiff assigns two errors as grounds for reversal: (1) In directing a verdict for defendant; (2) in refusing the introduction of plaintiff's Exhibit S-3 in evidence. We will discuss them together in that order.

■ (1) As we have noted above, section 124.1 of the said chapter 124 made it unlawful for any person to sell beer without a statutory permit. When the verdict was directed there was evidence that on January 17, 1952, defendant, at "Ray's Tavern" in Martensdale, Warren County, Iowa, sold beer to a minor, part of which he drank on the premises and part he carried away. At that time, because of defendant's objection, the court refused plaintiff's offer of a certified copy of a class "B" permit, in force and effect, issued by the Town of Martensdale to "Ray's Tavern", Martensdale, Iowa. There was no evidence that defendant had any statutory permit. On its face the testimony was not discredited or impeached. It was undenied. If a case was otherwise made, the weight of the evidence and the credibility of the witnesses were for the jury.

In this situation the court directed a verdict for defendant. It did this for the stated reason that under the indictment it was incumbent on the plaintiff and necessary for it to prove that the sale was made in the tavern under a class "B" permit. The county attorney may have had the same thought when he offered the certified copy of the permit, although the indictment simply charged that the crime was contrary to the provisions of section 124.20, without specifically mentioning the matter of a permit.

For a criminal statute, and particularly one designed as a protection to minors from the harm of intoxicating liquors, section 124.20 was not drawn with the art, definiteness and clarity desirable. In one sentence it designates several crimes, one of which has an exception. The capable assistant attorney general reads the first sixteen words of the quoted paragraph in the section, namely, "It shall be unlawful for any person to sell, give or make available to any minor"—no comma—as separate and apart from the lines just following; and that when the plaintiff introduced substantial evidence of a sale of beer to a minor, it had made a prima-facie case under the indictment, that should have been sent to the jury.

But defendant and the district court contended that the above-quoted words should not be read alone, but with the words that follow, to wit, "It shall be unlawful for any person to sell, give or make available to any minor or to permit any minor to purchase or consume any beer on the premises of a class 'B' or class 'C' permit holder, * * *." The first seven words apply to all the quoted words. The word "person", which includes the permittee and his employees, and anyone else offending, who might be another patron in the tavern, is the subject of all of the verbs, to and including the verb "permit", which is just after the disjunctive "or." The words "on the premises of a class 'B' or class 'C' permit holder" are in no way disconnected grammatically, or otherwise, from all the words that precede them; and they are directly preceded by the word "beer", which is the object of all verbs preceding except "permit."

It is our conclusion that the district court did not err in ruling that the burden was on the plaintiff to prove that the sale of beer was on the premises of a class "B" permit holder. This

holding is not inconsistent with the language of the statute. Any doubt, under the record, should be resolved in favor of the accused.

The language just following designates offenses on the part of the minor. Then, follow the words, namely, "and it shall further be unlawful for any person to offer beer, with or without consideration, to any minor, except within a private home and with the knowledge and consent of the parent or guardian of said minor." The locus of such an event might be in the tavern of a permit holder or elsewhere. The plaintiff in its printed argument states that defendant overlooked this language, but did not elaborate. Perhaps it had the thought that the offer to, and acceptance of beer by, a minor "with consideration" would be a sale to the minor. Legal consideration may be of various kinds. Webster defines a sale (in law) as "a contract whereby the absolute, or general, ownership of property is transferred from one person to another for a price, or sum of money, or, loosely, for any consideration."

Under the testimony, the defendant offered beer to the minor and received a cash consideration. Under this clause of section 124.20 such a transaction would be a sale of beer, notwithstanding it took place in defendant's tavern and regardless of whether he had a class "B" permit or not. But this is not argued by plaintiff, and we base our conclusion that the district court erred in directing a verdict for defendant, upon the ground that under the indictment and section 124.20 the plaintiff had the burden of establishing a sale of beer to a minor by the defendant on premises operated under a class "B" permit, sufficient to make a case for the jury, and was prevented from doing so by the court's error in overruling plaintiff's offer of Exhibit S-3.

(2) Section 3 of chapter 147 of the Laws of the Fifty-fourth General Assembly, effective July 4, 1951 (section 368A.3, Iowa Code Annotated), provides: "In all municipal corporations the clerk shall perform the following duties: 1. * * *. 2. Make an accurate record of and have custody of all proceedings had, rules and ordinances adopted by the council, and the same shall at all times be open to the public."

Under the provisions of section 124.9 the applicant for a

class "B" permit is required to file an application therefor listing certain statutory requisites, including the furnishing of a bond. On complying with these conditions the clerk of the town or other municipality issues him the class of beer permit applied for. In the town of Martensdale, the town clerk prepared and signed the class "B" permit issued for defendant and delivered the original to him. A duplicate thereof was kept in the clerk's office as a record of the issuance of the permit, "at all times open to the public." The clerk was the official custodian of the town's municipal records. Exhibit S-3 was duly certified by the clerk as a true and correct copy of the original class "B" permit issued to the defendant. The copy of the permit and the clerk's certificate each bore the seal of the town.

Section 622.43 of the 1950 Code is as follows: "Records and entries in public offices. Duly certified copies of all records and entries or papers belonging to any public office, or by authority of law filed to be kept therein, shall be evidence in all cases of equal credibility with the original record or papers so filed."

Section 622.51, Code of 1950, provides: "Official signature presumed genuine. In the cases contemplated in sections 622.41 to 622.50, inclusive, the signature of the officer shall be presumed to be genuine until the contrary is shown."

It is the uniform rule in all jurisdictions that such certified copies are received in evidence with all the force and effect of primary evidence, without further identification. See 32 C. J. S., Evidence, section 637, pages 489, 490; 20 Am. Jur., Evidence, sections 1023, 1024, pages 861–863; Chesapeake & Del. Canal Co. v. United States, 3 Cir., Del., 240 F. 903, affirmed 250 U. S. 123, 39 S. Ct. 407, 63 L. Ed. 889; Heike v. United States, 2 Cir., N. Y., 192 F. 83, 94; Village of Evanston v. Gunn, 99 U. S. 660, 25 L. Ed. 306; White v. United States, 164 U. S. 100, 17 S. Ct. 38, 41 L. Ed. 365; Robison v. Fishback, 175 Ind. 132, 93 N.E. 666, L. R. A. 1917B 1179, Ann. Cas. 1913B 1271; Woltin v. Metropolitan Life Ins. Co., 167 Misc. 382, 4 N. Y. S.2d 296; 32 C. J. S., Evidence, section 651; Bristow v. Lange, 221 Iowa 904, 908, 909, 266 N.W. 808; Evans v. Holsinger, 242 Iowa 990, 995, 996, 48 N.W.2d 250; State v. Niehaus, 209 Iowa 533, 547, 228 N.W. 308; State v. Flory, 198 Iowa 75, 78–80, 199 N.W. 303;

Sawyer v. Lorenzen & Weise, 149 Iowa 87, 89–93, 127 N.W. 1091, Ann. Cas. 1912C 940; Austin v. Whitcher, 135 Iowa 733, 736–738, 110 N.W. 910; Eaves v. City of Ottumwa, 240 Iowa 956, 966, 967, 38 N.W.2d 761, 11 A. L. R.2d 1164; Liberty v. Kinney, 242 Iowa 656, 663, 664, 47 N.W.2d 835; Sinkora v. Wlach, 239 Iowa 1392, 1403–1411, 35 N.W.2d 40.

 III. There was no merit to defendant's objection that the introduction of Exhibit S-3 was the securing of testimony by a person who did not testify before the grand jury, without complying with section 780.10 of the 1950 Code, since said section applies only to witnesses and not to documents or other exhibits, even though they were not before the grand jury. State v. Harris, 122 Iowa 78, 82, 97 N.W. 1093; State v. Bennett, 137 Iowa 427, 431, 110 N.W. 150; State v. Farrington, 90 Iowa 673, 681, 682, 57 N.W. 606; State v. Bailey, 202 Iowa 146, 149, 209 N.W. 403; State v. Berger, Iowa, 90 N.W. 621.

The judgment of the district court is reversed but without remand.—Reversed.

SMITH, C. J., and OLIVER, GARFIELD, WENNERSTRUM, MULRONEY, and THOMPSON, JJ., concur.