**STATE of Iowa, Appellee,**

v.

**William Harrison GIVENS, Appellant.**

**No. 59392.**

Supreme Court of Iowa.

Dec. 15, 1976.

Shea, Jackson & Irvine, Cedar Rapids, for appellant.

Richard C. Turner, Atty. Gen., and Eugene J. Kopecky, Linn County Atty., for appellee.

Heard by MOORE, C. J., and MASON, UHLENHOPP, REYNOLDSON and McCORMICK, JJ.

UHLENHOPP, Justice.

This appeal involves the admission of a report into evidence under § 749A.2, Code 1975.

Officers seized a substance in the possession of defendant William Harrison Givens. Detective J. C. Hansel sent the substance to the Iowa Criminalistics Laboratory, where Sandra J. Stoltenow analyzed it and found it to contain heroin. Stoltenow prepared a report accordingly and sent it to Detective Hansel.

The Linn County Attorney charged defendant by information with possession of a controlled substance. The information did not name Stoltenow as a witness or mention her report.

The district court set trial for March 29, 1976. On March 26, 1976, the prosecutor served notice of additional testimony under § 780.10 of the Code, naming Stoltenow as a witness and stating that she had made a report of her findings.

Defendant objected to the notice as untimely under § 780.10 (requires four days). The court took up the objection at commencement of trial. The prosecutor waived calling Stoltenow as a witness but stated he would introduce her report under § 749A.2 of the Code. Defendant then objected that the report had to be listed in the information under § 769.4 (which it was not) or in a timely notice of additional testimony under § 780.10 (the notice was untimely).

Thereupon the trial court offered defendant a continuance under § 749A.4, which he refused. Trial proceeded, the court received the report into evidence over defendant's objection, the jury convicted defendant, the trial court sentenced him, and he appealed. He contends in his appeal that the trial court erred in overruling his objections to the report.

I. Section 769.4, requiring the State to list *witnesses,* does not apply to Criminalistics Laboratory *reports. State v. Hill,* 244 Iowa 405, 57 N.W.2d 58.

II. The real problem relates to the statutes authorizing admission of the reports into evidence. Section 749A.2 of the Code provides:

It shall be presumed that any employee or technician of the criminalistics laboratory is qualified or possesses the required expertise to accomplish any analysis, comparison, or identification done by him in the course of his employment in the criminalistics laboratory. Any report, or copy thereof, or the findings of the criminalistics laboratory shall be received in evidence in any court, preliminary hearing, and grand jury proceeding in the

same manner and with the same force and effect as if the employee or technician of the criminalistics laboratory who accomplished the requested analysis, comparison, or identification had testified in person. An accused person or his attorney may request that such employee or technician testify in person at a criminal trial on behalf of the state before a jury or to the court, by notifying the proper county attorney at least ten days before the date of such criminal trial.

To inform the accused of a report—a purpose similar to that of the general statute on listing witness—§ 749A.4 requires:

The county attorney shall give the accused person, or his attorney, after an indictment or county attorney's information has been returned, a copy of each report of the findings of the criminalistics laboratory conducted in the investigation of the indictable criminal charge against him at the time of arraignment, or if such report is received after arraignment, upon receipt, whether or not such findings are to be used in evidence against him. If such report is not given to the accused or his attorney at least four days prior to trial, such fact shall be grounds for a continuance.

In this case apparently Detective Hansel had the report until shortly before trial. So far as the record shows, defendant did not learn of it until three days before trial began. The trial court therefore offered defendant a continuance as provided by the last sentence of § 749A.4: "If such report is not given to the accused or his attorney at least four days prior to trial, such fact shall be grounds for a continuance."

We think the trial court was right that the relief in accused has for tardy delivery of a criminalistics laboratory report is a continuance. This follows from the structure of the statute and by analogy to *State v. Sevcik*, 239 N.W.2d 571 (Iowa).

The court did not err in overruling defendant's objections in view of the offer and refusal of a continuance.

AFFIRMED.