STATE of Iowa, Appellee,

v.

Douglas Edward PITLIK, Appellant.

No. 58825.

Supreme Court of Iowa.

Dec. 15, 1976.

R. Fred Dumbaugh, Cedar Rapids, for appellant.

Richard C. Turner, Atty. Gen., Richard H. Doyle, IV, Asst. Atty. Gen., and Eugene J. Kopecky, Linn County Attorney, for appellee.

Heard by MOORE, C. J., and MASON, UHLENHOPP, REYNOLDSON, and McCORMICK, JJ.

UHLENHOPP, Justice.

This appeal involves questions arising under our implied consent statute, ch. 321B, Code 1975.

On August 3, 1975, defendant Douglas Edward Pitlik submitted to a breath test for intoxication, and the results showed a blood alcohol level of 205 mg. per cent. The Linn County Attorney charged him with operating a motor vehicle while intoxicated. Trial began September 2, 1975, and at trial the county attorney introduced among other things a report of the test results, Exhibit 1. The jury convicted defendant, the trial court sentenced him, and he appealed. In this court he assigns three errors.

I. Defendant first argues that the court erred in admitting Exhibit 1 because the county attorney did not list that report in the county attorney's information or include it in a notice of additional testimony. See §§ 769.4, 780.10, Code 1975. We rejected this argument in *State v. Givens*, 248 N.W.2d 86 (Iowa). That decision is founded in turn on *State v. Hill*, 244 Iowa 405, 57 N.W.2d 58.

In this case the defense received the report eight days before trial, so that a continuance under § 749A.4 of the Code is not involved.

We do not find merit in defendant's first assigned error.

II. Defendant next argues that the court erred in admitting Exhibit 1 for the reason that while the county attorney showed defendant did not take alcohol or a beverage into his mouth within 15 minutes prior to the test, he did not show defendant did not take tobacco smoke or other foreign substances into his mouth within that period.

The matter arose in this way. Officers Marchese and Popenhagen participated in administering the breath test. Officer Marchese testified at length as to how the breath test was administered to defendant. The county attorney offered Exhibit 1 into evidence and defense counsel objected on the ground inter alia that the county attorney had not shown the officer complied with the proper collection procedure. The county attorney claimed that the 1973 Iowa Departmental Rules were in effect and governed the procedure. Defense counsel did not object to that statement or state what he contended the correct collection procedure was.

Then followed quite extended proceedings in which the county attorney tried to get Exhibit 1 into evidence. Eventually the trial court asked defense counsel specifically which collection procedures the county attorney had not shown were taken. Defense counsel specified subparagraphs 1, 2, 3, and 4 of rule 12.1 of the Public Safety Department in the 1973 Iowa Departmental

Rules. The court had the officer's testimony read back, sustained defendant's objection, and stated it was sure the county attorney had not shown compliance with subparagraph 4 ("4. Observe subject for a minimum of 15 minutes to establish no alcohol has entered his mouth.").

The county attorney examined the officer further and especially with reference to the subject matter of subparagraph 4. He then re-offered Exhibit 1, defense counsel again objected on subparagraphs 1 and 4, and the court again sustained the objection.

The county attorney re-examined the officer on the subject of those subparagraphs and then re-offered the exhibit. Defense counsel did not object, and the court admitted the exhibit into evidence.

Following a verdict of guilty, defendant filed a motion for new trial. In ground 3(b) he stated that the court erred in admitting the test results. Defendant further stated that the county attorney failed to establish a proper foundation in that he did not show defendant had no tobacco smoke or other foreign substances in his mouth for at least 15 minutes prior to the test. The court overruled the motion for new trial and imposed sentence.

Until July 1, 1975, subparagraph (4) read as we have quoted. On June 30, 1975, the Public Safety Department filed a change to re-number the subparagraph as (3) and to make it read:

(3) Observe subject for a minimum of 15 minutes to establish no alcohol, tobacco smoke or other foreign substances have entered subject's mouth. This may be done concurrently with the assembly and heating of the device.

The July 1975 Supplement to Iowa Departmental Rules, distributed at some time after June 30, 1975, carried this changed subparagraph. The Iowa Administrative Code, distributed at some date after these events, also contained the changed subparagraph. On April 15, 1976, however, the Department changed the rule to read as it now stands:

(3) Observe subject for a minimum of 15 minutes prior to collecting sample to prevent any alcohol from entering the subject's mouth. Although a test of the breath sample is not affected by tobacco or substances other than alcohol entering the mouth, a peace officer is advised, but not required, to prevent such other substances from entering the subject's mouth during the 15 minutes just prior to the test. 680–3.13(2)"c"(3) IAC.

The present test was administered on August 3, 1975, when the applicable rule required an officer to observe that no tobacco smoke or other foreign substance had entered the mouth within the 15-minute period.

Defendant's problem here is that at the time the report of the test results was finally offered and admitted into evidence, he did not object. Objections to an evidentiary exhibit must be made when the exhibit is offered. *State v. Droste,* 232 N.W.2d 483 (Iowa).

III. Finally, defendant argues on several grounds that the trial court erred in giving Instruction 8, which follows Instruction 520.8, II Iowa Uniform Jury Instructions (1970). This instruction is in accord with *State v. Berch,* 222 N.W.2d 741 (Iowa). It is the preferred instruction under both the court's opinion and the dissenting opinion in *State v. Janssen,* 239 N.W.2d 564 (Iowa). As to constitutionality of the statute involved, see *State v. Winquist,* 247 N.W.2d 256 (Iowa). No error appears on this point.

We find no ground for reversal.

AFFIRMED.