Gary James COLLINS, Petitioner,

v.

Calvin AUGER, Warden, Respondent.

Civ. No. 76–215–1.

United States District Court,
S. D. Iowa,
Central Division.

Dec. 7, 1977.

Keith E. Uhl, Des Moines, Iowa, for petitioner.

Richard C. Turner, Atty. Gen. of Iowa, Thomas D. McGrane, Asst. Atty. Gen., State of Iowa, Des Moines, Iowa, for respondent.

## CERTIFICATION IN RESPONSE TO ORDER OF REMAND

STUART, Chief Judge.

This matter is before the Court on the order of remand from the Eighth Circuit Court of Appeals dated October 21, 1977. Petitioner was originally convicted in state court on July 18, 1974 on the charge of assault with intent to commit rape in violation of section 698.4 of the Iowa Code (1973). The Iowa Supreme Court affirmed *State v. Collins*, 236 N.W.2d 376 (Iowa 1975), and certiorari was denied, *Collins v. Iowa*, 426 U.S. 948, 96 S.Ct. 3166, 49 L.Ed.2d 1184 (1976). Petitioner subsequently filed an application for habeas corpus relief in this Court. On March 30, 1977 this Court granted relief on the ground that the admission into evidence of defendant's inculpatory statements made to the psychiatrist during a court ordered psychiatric examination to prove his guilt was so fundamentally unfair that defendant was deprived of due process of law. The Court also stated; "[t]here is ample evidence to sustain a conviction without these admissions. But, I cannot say that the admission of statements of defendant confirming in detail the testimony of the victim was harmless error". *Collins v. Auger*, 428 F.Supp. 1079, 1084 (S.D.Iowa 1977). The writ of habeas corpus was sustained on the condition that it would not issue if retrial were initiated within ninety days, and in addition, the writ was to be suspended in the event of appeal. Ap-

peal was taken by respondent to the Eighth Circuit which, after the decision of the Supreme Court in *Wainwright v. Sykes*, 433 U.S. 72, 97 S.Ct. 2497, 53 L.Ed.2d 594 (1977), remanded the case for this Court's certification of findings on the following questions:

"1. Whether petitioner made an adequate contemporaneous objection in the state court to the use of the psychiatrist's statements containing his admission of guilt in order to preserve his constitutional objections now asserted in this proceeding; and

2. If not, whether under the *Wainwright* rule and as earlier defined in *Francis v. Henderson*, 425 U.S. 536, 96 S.Ct. 1708, 48 L.Ed.2d 149 (1976), petitioner has shown 'cause' and 'actual prejudice' in not making such objection. See *Wainwright v. Sykes*, 433 U.S. 72, 97 S.Ct. 2497, 2508, 53 L.Ed.2d 594 (1977)."

### ADEQUATE CONTEMPORANEOUS OBJECTION

Under the Supreme Court's guidelines in *Wainwright v. Sykes*, supra, the question of contemporaneous objection was stated as follows: "[s]hall the rule of *Francis v. Henderson*, supra, barring federal habeas review absent a showing of 'cause' and 'prejudice' attendant to a state procedural waiver, be applied to a waived objection to the admission of a confession at trial? We answer that question in the affirmative." *Wainwright v. Sykes*, supra, at 86, 97 S.Ct. at 2506.

■ Although Iowa's contemporaneous objection rule is not embodied in specific statutory provisions, it is nonetheless

well established that failure to object to evidence or to move to strike the same at the time the record is made and when the grounds for objection or motion to strike are first apparent precludes the party from asserting on appeal admission of evidence was error.

*State v. King*, 225 N.W.2d 337, 341 (Iowa 1975). See also *State v. Jewett*, 219 N.W.2d 559, 560 (Iowa 1974); *State v. Canada*, 212 N.W.2d 430, 432 (Iowa 1973); *State v. Williams*, 207 N.W.2d 98, 109 (Iowa 1973).

■ Further, not only must an objection be contemporaneous, it must also be sufficiently specific so as to alert the trial court to the question raised and enable opposing counsel to take proper corrective measures to remedy, if possible, any defects in the offer of evidence. *State v. Williams*, supra, at 110. As the Iowa Supreme Court has noted:

The Court to which the evidence is offered is entitled to know on what grounds it is challenged and should not be left to speculate as to whether the evidence is in fact subject to some infirmity which the objection does not point out. A specific objection, if overruled, cannot avail the objector except as to the ground specified since the court is not bound to look beyond the ground of the objection thus stated. Every ground of exception which is not particularly specified is to be considered as abandoned.

*State v. Droste*, 232 N.W.2d 483, 487 (Iowa 1975). See also *State v. Pitlik*, 247 N.W.2d 741, 743 (Iowa 1976); *State v. Leonard*, 243 N.W.2d 75, 85 (Iowa 1976).

In the instant case, petitioner's counsel made several timely objections to the admission of the testimony of the psychiatrist, Dr. Lara. In the partial transcript of proceedings the following appear:

At page 7–8:

Q. All right. Now that we know the skeletal outline of what you do there, at this point would you go back to the beginning and 'plug in' so to speak what happened in this procedure with regard to Mr. Collins.

MR. KROHN: That is objected to as divulging a doctor-patient relationship and in violation of the Code of Iowa protecting such relationships.

THE COURT: Overruled. You may answer the question.

At page 10–11:

Q. Where did you get this information?

A. From him and from the information you did furnish.

Q. All right.

MR. KROHN: This is objected to on the grounds that there is no proper foundation. There is no showing that the defendant has been given the *Miranda* warnings.

THE COURT: Overruled at this time.

Q. Now doctor, would you briefly state to us the substance of the conversation regarding the background information which is contained in your report which you had with Mr. Collins?

MR. KROHN: Same objection.

THE COURT: Same ruling.

. . . . .

Q. Read it or refer to it as you testify, whichever you prefer.

MR. KROHN: This is objected to as disclosing a doctor-patient relationship which is prohibited by the laws of Iowa.

THE COURT: Overruled.

At page 13:

MR. KROHN: This is objected to and we move that the testimony be stricken for the reason that the defendant was not given the *Miranda* warning.

THE COURT: Overruled.

At page 22:

Q. Did he ever relate to you during the course of these interviews his opinion as to what happened on January 6, 1974?

MR. KROHN: This is objected to as not including the *Miranda* warning.

THE COURT: Overruled.

At page 26–27:

Q. Would you please relate to us what he told you regarding the incident in question?

MR. KROHN: This is objected to as hearsay and not within the realm of the witness.

THE COURT: Overruled.

. . . . .

A. I'll quote from the history.

MR. KROHN: This is objected to again as hearsay.

THE COURT: Overruled.

At page 46:

MR. KROHN: Your Honor, at this time I would like to move the Court to enter an order declaring a mistrial for the reason that the Defendant's constitutional rights against self-incrimination have been violated. There has been offered into evidence Dr. Lara's testimony in the trial and accepted, and the Defendant had no *Miranda* warning that he had a right to remain silent, that any statement he might make could or would be used against him.

THE COURT: The Defendant's Motion for Mistrial will be denied for the reasons it does not believe that the *Miranda* warning or requirement goes that far when a person, the Defendant in this case, was submitted to the Oakdale facility for examination upon request and application made in behalf of the Defendant at which time he was represented by counsel, and in this Court's opinion competent counsel, and for the reasons set forth in *State v. Mayhew* the testimony of Dr. Lara is relevant, competent, and important to his case.

As is evident from the excerpts set forth above, defense counsel urged three basic objections to the trial court; (1) failure to give adequate *Miranda* warnings; (2) violation of the doctor-patient privilege; and (3) hearsay.

■ Failure to adequately and properly inform petitioner of his rights under *Miranda v. Arizona*, 384 U.S. 436, 86 S.Ct. 1602, 16 L.Ed.2d 694 (1966) was the most consistently urged objection at trial prior to the testimony of the Court appointed psychiatrist. The objection was overruled. The issue was raised on appeal and the conviction affirmed. *State v. Collins*, supra. As this Court noted in its conditional grand of habeas relief:

The Court agrees with the Iowa Supreme Court that the prophylactic rules of *Miranda v. Arizona*, 384 U.S. 436, 86 S.Ct. 1602, 16 L.Ed.2d 694 (1966), and its

progeny should not be extended to encompass the kind of situation involved herein. *State v. Collins*, supra, 236 N.W.2d at 378. The giving of the *Miranda* warnings prior to a psychiatric examination would be highly inappropriate. . . . The Court concludes that the manner in which the statements were elicited were thoroughly proper.

*Collins v. Auger*, supra at 1082. In addition, as this Court also noted in *Collins v. Auger*, supra:

> If the giving of a *Miranda* warning satisfied requirements of the Fifth Amendment and the Fourteenth Amendment and made the defendant's incriminating admissions admissible, the defendant would be placed in a situation where he must sacrifice one Constitutional right to claim another.
>
> .  .  .  .  .
>
> A defendant should not be compelled to choose between exercising his Fifth Amendment right not to incriminate himself and his due process right to seek out available defenses.

*Collins v. Auger*, supra, at 1083. See also *Simmons v. United States*, 390 U.S. 377, 88 S.Ct. 967, 19 L.Ed.2d 1247 (1968). Remaining firmly convinced that *Miranda* is totally inapplicable to these facts, this Court cannot say that urging of this objection was an adequate contemporaneous objection within the meaning of *Wainwright v. Sykes*, supra.

The *Miranda* warnings are intended to inform defendant of his right to remain silent and his right to counsel and to advise him that if he says anything it can be used against him at trial. The above quote points up the obvious inappropriateness of such warning before proceeding with a psychiatric examination of a defendant. The *Miranda* objection did not alert the trial court to the idea that it is fundamentally unfair to require a defendant to make a choice between exercising his Fifth Amendment right to remain silent and cooperating with a psychiatrist so that an expert opinion as to his mental condition can be obtained. The Supreme Court of Iowa, which ruled only on the *Miranda* question, did not consider whether the *Miranda* objection

raised this issue even when it was brought to the Court's attention by Mr. Justice Rawlings. Justice Rawlings, who concurred specially, did not consider the erroneous admission of this evidence to be a denial of due process as he concurred in the court's position on the *Miranda* question.

None of the many cases cited in *Collins v. Auger*, supra, at 1084 which have excluded evidence of this nature for various reasons have clearly articulated the concept of denial of due process because of the fundamental unfairness of admitting such evidence to prove defendant's guilt. It may be that this court has overreacted to the impossible position in which defendant is placed and has raised a mere trial error to one of constitutional dimension. However, it is clear that the *Miranda* objection was not specific enough to alert the Court to the possible constitutional objection enunciated in *Collins v. Auger*, supra.

■ The Court does not view petitioner's objection premised on violation of the doctor-patient privilege nor his objection premised on hearsay as adequate. Under substantially similar circumstances, the Iowa Supreme Court recently stated:

> Three elements must exist for the physician-patient privilege to arise under § 622.10: (1) the relationship of doctor-patient; (2) information acquired during this relationship; and (3) the necessity and propriety of the information to enable the doctor to treat the patient skillfully in his professional capacity. *State v. District Court of Iowa, in and for Linn County*, 218 N.W.2d 641, 643 (Iowa 1974).

*State v. Nowlin*, 244 N.W.2d 596, 602 (Iowa 1976). See also, *State v. Mayhew*, 170 N.W.2d 608, 615 (Iowa 1969). Under applicable Iowa law the physician-patient objection was improper because the requisites for such relationship did not exist. Consequently, the objection was not proper and cannot be said to fulfill the *Sykes* requirements for adequate contemporaneous objection.

Finally, the Court does not consider the admission of statements directly attributable to defendant as being a violation of the general hearsay restrictions. Under *Wain-*

*wright v. Sykes*, supra, and the first question to be certified to the Eighth Circuit, this Court is of the opinion that petitioner's objections to the use of the psychiatrist's statements were not adequate to preserve his constitutional objection.

## CAUSE AND PREJUDICE

In *Wainwright v. Sykes*, 433 U.S. 72, 97 S.Ct. 2497, 53 L.Ed.2d 594 (1977) the Supreme Court held that respondent's failure to make timely objection under the Florida contemporaneous objection rule to the admission of his inculpatory statements, absent a showing of cause for the noncompliance and some showing of actual prejudice, bars federal habeas corpus review of his *Miranda* claim. Having determined that defendant's objections were not sufficiently clear and specific to comply with the Iowa contemporaneous objection rule, the court must now consider whether defendant has shown "cause" and "prejudice".

### (Cause)

The Supreme Court in *Sykes* specifically left the precise definitions of "cause" and "prejudice" open for resolution in future decisions, saying:

> Whatever precise content may be given those terms ['cause' and 'actual prejudice'], we feel confident in holding without further elaboration that they do not exist here. Respondent [Petitioner herein] has advanced no explanation whatever for his failure to object at trial, and, as the proceeding unfolded, the trial judge is

certainly not to be faulted for failing to question the admission of the confession himself. The other evidence of guilt presented at trial, moreover, was substantial to a degree that would negate any possibility of actual prejudice resulting to the respondent from the admission of his inculpatory statement.

*Wainwright v. Sykes*, supra, at 91, 97 S.Ct. at 2508.

However, the majority and concurring opinions leave the impression that the possibility that defense counsel failed to object to the admission of the confession as part of his trial strategy weighed heavily in the decision that there was no cause for failure to object.[1]

The Court rejects the state's argument that the failure of defense counsel to raise the proper objection was a matter of trial strategy. Defendant's counsel obviously wanted to exclude the evidence of defendant's statements to the psychiatrist. The defendant could gain no possible advantage from the psychiatrist's testimony as to his admissions. No objections were made in *Sykes*. The objections made here were inadequate. The Court finds that defense counsel did not make a tactical decision to urge the wrong objection, but was not at that time aware of the possible constitutional objections.

▆ The Court is of the opinion that lack of knowledge of the facts or law would be sufficient cause for failure to make the proper objection within the "cause and prej-

---

1. *Majority opinion*, at 88 footnote 12, 97 S.Ct. 2497.

*Chief Justice Burger's concurrence*: "[P]reservation of this type of claim under state procedural rules does not generally involve an assertion by the defendant himself; rather, the decision to assert or not to assert constitutional rights or constitutionally based objections at trial is necessarily entrusted to the defendant's attorney . . . . ."

*Mr. Justice White's concurrence in the judgment*: "With respect to the necessity to show cause for noncompliance with the state rule, I think the deliberate bypass rule of *Fay v. Noia* affords adequate protection to the State's interest in insisting that defendants not flount the rules of evidence. The bypass rule, however, as applied to events occurring during trial, cannot always demand that the defendant himself

concur in counsel's judgment. Furthermore if counsel is aware of the fact and the law (here the contemporaneous objection rule and the relevant constitutional objection that might be made) and yet decides not to object because he thinks the objection is unfounded, would damage his clients case or for any other reason that flows from his exercise of professional judgment there has been, as I see it, a deliberate bypass."

*Mr. Justice Stevens concurrence*: "In this case I agree with the Court's holding that collateral attack on the state court judgment should not be allowed. The record persuades me that competent trial counsel could well have made a deliberate decision not to object to the admission of the defendant's in-custody statement."

udice" test of the *Francis* rule. Clearly, incompetency of counsel would satisfy the "cause" requirement. The Court is unwilling to say, however, that defense counsel was incompetent in view of the way in which this evidentiary matter was handled in the Iowa courts. The finding of "cause" loses much of its significance however because the Court is unable to find "prejudice".

### (Prejudice)

■ In the Court's opinion defendant has failed to show any actual prejudice. Although the Court was not able to find that it was harmless error to admit defendant's statements to the psychiatrist into evidence, the evidence against him was quite strong and the Court does not believe the final result would have been different had the inculpatory statements been excluded. The defendant has not offered any specific examples of prejudice but argues that as:

> [T]his Court has previously held the admission of the petitioner's statement was not harmless error, it logically follows that the less stringent showing of prejudice under *Sykes* has been met.

This does not necessarily follow. The burden of making a showing has shifted to the defendant. The following statement direct from *Sykes* is applicable to the issue of prejudice here:

> The other evidence of guilt presented at trial, moreover, was substantial to a degree that would negate any possibility of actual prejudice resulting to the respondent from the admission of his inculpatory statement.

### PLAIN ERROR

■ Petitioner argues in this Court that, assuming no adequate contemporaneous objection was made, the error nonetheless still is subject to review under the "plain error" doctrine. See Fed.R.Crim.P. 52(b): *Chapman v. California*, 386 U.S. 18, 87 S.Ct. 824, 17 L.Ed.2d 705 (1967); *United States v. McCord*, 166 U.S.App.D.C. 1, 8, 509 F.2d 334, 341 (1974). The Court is reluctant, however, to impose such a standard in a habeas petition emanating from a state court conviction. First, the Court is unable

to say that the Iowa Supreme Court has evolved a plain error doctrine applicable to the instant case. In *State v. Walton*, 247 N.W.2d 736, 738 (Iowa 1976), the Iowa Supreme Court discussed the necessity of conducting a *Jackson v. Denno* hearing on voluntariness absent sufficient objection. The Court stated, however, that

> We need not decide whether the trial court was obliged to hold a hearing on the admissibility of his statements in the absence of an objection because we find appropriate objections were made.

Also, this Court considers the concept that the lack of fundamental fairness gives the perceived error herein constitutional dimensions to be a new approach. No completely supporting authority was presented nor did research disclose such. Failure of the trial court to recognize such error as "fundamentally unfair" would hardly rise to the generally accepted level of plain error, although the Court does remain convinced that it was fundamental.

### APPLICABILITY OF *SYKES*

Although the foregoing divisions respond to the specific questions which were referred to this Court by the October 21, 1977 Order of the United States Court of Appeals for the Eighth Circuit, the Court believes that a close reading of the *Sykes* opinion offers another possible issue which might cause the Court of Appeals to reach a different result than that which the Court believes is called for under the Order of remand.

In footnote 12 of the majority opinion in *Sykes*, the Court states:

> We have no occasion today to consider the *Fay* rule as applied to the facts there confronting the Court. Whether the *Francis* rule should preclude federal habeas review of claims not made in accordance with state procedure where the criminal defendant has surrendered, *other than for reasons of tactical advantage*, the right to have all of his claims of trial error considered by a state appellate court, *we leave for another day*.

The Court seems to be restricting its decision to situations in which counsel withheld

some action required by state procedural rules in an attempt to thereby gain some tactical advantage. As indicated in this Court's discussion of cause, the urging of the wrong objection here was due to counsel's failure to recognize a proper objection. It was not to gain a tactical advantage. It may very well be that the Supreme Court would not extend Sykes to this factual situation.

As required by the Order of the Circuit Court of Appeals for the Eighth Circuit this Court hereby certifies:

1. Petitioner did not make an adequate contemporaneous objection in the state court to the use of the psychiatrist's statements containing his admission of guilt in order to preserve the constitutional objections he asserts in this proceeding.

2. Petitioner has shown "cause" for failure to make the objection.

3. Petitioner has failed to show "actual prejudice" resulted therefrom.