**Dennis L. WEAVER, Plaintiff-Appellant,**

v.

**(John Doe) GILL et al.,
Defendants-Appellees.**

No. 79-3322.

United States Court of Appeals,
Sixth Circuit.

Submitted Oct. 13, 1980.

Decided Oct. 30, 1980.

Dennis L. Weaver, pro se.

Robert L. Baker, Davis & Young, Cleveland, Ohio, for Kreiger and Kochaver.

John T. Corrigan, Pros. Atty. of Cuyahoga County, Ohio, Cleveland, Ohio, for Gill, Reisner and Jefferies.

Before EDWARDS, Chief Judge, BOYCE F. MARTIN, Jr., Circuit Judge, and PHILLIPS, Senior Circuit Judge.

PER CURIAM.

This appeal presents the question of whether the constitutional rights of the defendant in a criminal case were violated by requiring him to submit to a psychiatric examination without the assistance of counsel, where no information obtained at the examination was used in evidence against him. District Judge John M. Manos answered this question in the negative. We affirm.

Weaver, now an inmate of the State prison at Lima, Ohio, was the defendant in the Common Pleas Court of Cuyahoga County, Ohio, where he was indicted for aggravated murder. After a suggestion of insanity had been made pursuant to Ohio Revised Code § 2945.37, the State trial judge referred Weaver to the Common Pleas Court Psychiatric Clinic for evaluation. It was determined that he was competent to stand trial

and could cooperate in his own defense. He was found guilty and his conviction was affirmed on appeal.

Thereafter, Weaver filed the present action in the district court pursuant to 42 U.S.C. §§ 1981, 1983, 1985–86 and the fourteenth amendment.

Defendants are psychiatrists, a former social worker at the Psychiatric Clinic, and two law enforcement officers. The complaint seeks $50,000 in compensatory damages and $315,000 in punitive damages.

Judge Manos appointed counsel to represent Weaver in the district court. In support of a motion for summary judgment, the prosecutor filed an affidavit that at no time during the trial did the prosecution introduce any evidence relating to statements made, or conversations had, between Weaver and any personnel of the Psychiatric Clinic. Judge Manos granted summary judgment in favor of defendants. Fed.R. Civ.P. 56.

■ A pretrial determination of mental fitness of a defendant to stand trial and assist in his defense is designed to protect his due process rights. *Pate v. Robinson*, 383 U.S. 375, 86 S.Ct. 836, 15 L.Ed.2d 815 (1966). The Constitution does not mandate that a determination of sanity be made through adversary proceedings. *Drope v. Missouri*, 420 U.S. 162, 173, 95 S.Ct. 896, 904, 43 L.Ed.2d 103 (1975); *United States v. Knohl*, 379 F.2d 427, 434–35 (2d Cir.), *cert. denied*, 389 U.S. 973, 88 S.Ct. 472, 19 L.Ed.2d 465 (1967).

The following Circuits have held that a psychiatric examination does not require the assistance of counsel: *Gomes v. Gaughan*, 471 F.2d 794, 799 (1st Cir. 1973); *United States v. Baird*, 414 F.2d 700, 711 (2d Cir.), *cert. denied*, 396 U.S. 1005, 90 S.Ct. 559, 24 L.Ed.2d 497 (1970); *United States v. Albright*, 388 F.2d 719, 726 (4th Cir. 1968); *United States v. Smith*, 436 F.2d 787, 790 (5th Cir.), *cert. denied*, 402 U.S. 976, 91 S.Ct. 1680, 29 L.Ed.2d 142 (1971); *United States v. Greene*, 497 F.2d 1068, 1079 (7th Cir. 1974), *cert. denied*, 420 U.S. 909, 95 S.Ct. 829, 42 L.Ed.2d 839 (1975); Cf. *Thornton v. Corcoran*, 407 F.2d 695 (D.C. Cir.1969).

■ The district court correctly ruled that *Miranda* warnings are not required in a psychiatric examination. *Collins v. Auger*, 428 F.Supp. 1079, 1081 (S.D.Iowa 1977), vacated on other grounds, 577 F.2d 1107 (8th Cir. 1978), *cert. denied*, 439 U.S. 1133, 99 S.Ct. 1057, 59 L.Ed.2d 96 (1979); *Collins v. Auger*, 451 F.Supp. 22, 25–26 (S.D.Iowa 1977).

In the latter case, the district court said:

The Court agrees with Iowa Supreme Court that the prophylactic rules of *Miranda v. Arizona*, 384 U.S. 436, 86 S.Ct. 1602, 16 L.Ed.2d 694 (1966), and its progeny should not be extended to encompass the kind of situation involved herein. *State v. Collins*, supra 236 N.W.2d at [376] 378 [Iowa]. The giving of the *Miranda* warnings prior to a psychiatric examination would be highly inappropriate. The full and free disclosure of information and the patient's thinking processes, so essential to a meaningful psychiatric examination, would be frustrated if the patient were advised of his right to counsel and his right to remain silent and informed that his statements could be used against him in a criminal trial to prove his guilt. 428 F.Supp. at 1081–82, 451 F.Supp. at 25–26.

The summary judgment of the district court is affirmed.