JOURNAL ENTRY AND OPINION
Applicant, Reginald Brooks, has filed an application for reopening pursuant to App.R. 26 (B). The applicant seeks to reopen the appellate judgment that was rendered by this court in State v. Brooks (August 15, 1985), Cuyahoga App. No. 48914, unreported, which affirmed the applicant's conviction for three counts of aggravated murder and the sentence of death. For the following reasons, we decline to reopen the applicant's appeal.
 App.R. 26 (B) (1) and 26 (B) (2) (b) provide that a showing of "good cause" must be established by the applicant when an application for reopening is filed more than ninety days after journalization of the appellate judgment which is subject to reopening. Herein, the judgment of this court which affirmed the applicant's conviction for aggravated murder and the sentence of death, was journalized on August 26, 1985. The applicant filed his application for reopening on August 3, 2000, more than fourteen years and eleven months after journalization of the judgment as rendered in State v. Brooks, supra. The applicant is thus required to establish "good cause" for failure to timely file his application for reopening. State v. Winstead (1996), 74 Ohio St.3d 277; State v. Wickline (1996), 74 Ohio St.3d 369.
The applicant, in an attempt to establish "good cause" for the untimely filing of his application for reopening, argues: 1) applicant possesses a constitutional right to appointed counsel to prepare and file his application for reopening; 2) first opportunity for unconflicted appellate counsel to review appellate issues; and 3) collateral relief per R.C.2953.21, as pursued by the Ohio Public Defender, was inadequate and improperly pursued. The aforesaid reasons do not constitute "good cause" for the untimely filing of the application for reopening. State v. Reddick (1995) , 72 Ohio St.3d 88; State v. Collins (July 3, 1995) , Cuyahoga App. No. 67165, unreported, reopening disallowed (Feb. 10, 1997), Motion No. 77984; State v. Miller (Mar. 23, 1992), Cuyahoga App. No. 59987, unreported, .reopening disallowed (Mar. 18, 1997), Motion No. 79261; State v. Bridgeman (Feb. 19, 1980), Cuyahoga App. No. 39346, unreported, reopening disallowed (Feb. 28, 1997), Motion No. 77614. Based upon a failure to establish "good cause" for the untimely filing of the application for reopening, we decline to reopen the applicant's appeal.
Notwithstanding the fact that the applicant has failed to establish "good cause" for the untimely filing of his application, a substantive review of the brief in support of the application for reopening fails to support the claim of ineffective assistance of appellate counsel. Appellate counsel is not required to raise and argue meritless assignments of error. Jones v. Barnes (1983), 463 U.S. 745. This court's consideration of the applicant's eight proposed assignments of error, as raised through the application for reopening, would not have resulted in a reversal of the applicant's conviction for three counts of aggravated murder and the sentence of death. Strickland v. Washington (1984),466 U.S. 668; State v. Smith (1985), 17 Ohio St.3d 98; Vaughn v. Maxwell (1965), 2 Ohio St.3d 299.
The applicant's first proposed assignment of error is that:
 THE PROSECUTOR'S MISCONDUCT TAINTED THE ENTIRE PROCEEDING AND DEPRIVED MR. BROOKS OF A FAIR AND IMPARTIAL TRIAL.
The conduct of a prosecuting attorney during the course of trial cannot be made a ground for error unless that conduct deprived the defendant of a fair trial. State v. Papp (1978), 64 Ohio App.2d 203. In addition, another factor to be considered in determining whether the prosecutor's actions constituted misconduct is whether the remarks prejudicially affected substantial rights of the defendant. State v. Smith (1984),14 Ohio St.3d 13. Herein, the applicant has failed to demonstrate any misconduct on the part of the prosecutor which resulted in the deprivation of a fair trial or which prejudicially affected any of the applicant's rights. It should also be noted that the Supreme Court of Ohio, in State v. Brooks (1986), 25 Ohio St.3d 144, fully examined the issue of the applicant's competency hearing, as allegedly tainted by the prosecutor's conduct, and found no associated prejudicial error.
The applicant's second proposed assignment of error is that:
 THE TRIAL COURT FAILED TO ADVISE MR. BROOKS OF HIS CONSTITUTIONAL RIGHTS DURING DR. BILLOWITZ'S EVALUATIONS.
The applicant was not entitled to a Miranda warning prior to a psychiatric examination. See Weaver v. Gill (1980), 633 F.2d 737; Collins v. Auger (1977), 428 F. Supp. 1079.
The applicant's third assignment of error is that:
 MR. BROOKS WAS DENIED EFFECTIVE ASSISTANCE OF COUNSEL AT TRIAL.
The issue of ineffective assistance of trial counsel was previously raised and rejected by this court upon direct appeal. In addition, the applicant possessed a prior opportunity to challenge the effectiveness of trial counsel upon appeal to the Supreme Court of Ohio. See, generally, State v. Perry (1967), 10 Ohio St.2d 175; State v. Murnahan (1992),63 Ohio St.3d 60. The doctrine of res judicata bars further review of the claim of ineffective assistance of trial counsel. We further find that the circumstances of this case do not render the application of the doctrine of res judicata unjust. State v. Dehler (1995), 73 Ohio St.3d 307; State v. Terrell (1995), 72 Ohio St.3d 247; State v. Smith (Jan 29, 1996), Cuyahoga App. No. 68684, unreported, reopening disallowed (June 14, 1996), Motion No. 71793.
The applicant's fourth assignment of error is that:
 MR. BROOKS WAS INCOMPETENT TO STAND TRIAL AND REMAINS INCOMPETENT.
The issue of the applicant's competency to stand trial was raised upon appeal and addressed by the Supreme Court of Ohio in State v. Brooks, supra, at 149. Res judicata bars further review of the issue of the applicant's competency to stand trial. State v. Murnahan, supra.
The applicant's fifth assignment of error is that:
 THE TRIAL COURT'S ACCEPTANCE OF THE JURY WAIVER VIOLATED THE DEFENDANT'S RIGHT TO DUE PROCESS.
The applicant argues that his appeal must be reopened since A the Supreme Court of Ohio, in State v. Pless (1996), 74 Ohio St.3d 333, held that absent strict compliance with R.C. 2945.05, a trial court lacks jurisdiction to try the defendant without a jury. The argument of a defective jury waiver, however, has been previously rejected by this court on the basis that appellate counsel cannot be declared ineffective for failing to anticipate the future development of the law in the area of jury waiver as established by the Supreme Court of Ohio. See State v. Mock (Jan 26, 1995), Cuyahoga App. No. 66682, unreported, reopening disallowed (May 20, 1998), Motion No. 93401; State v. Johnson (Feb. 6, 1992), Cuyahoga App. No. 59820, unreported, reopening disallowed (Apr. 17, 1997), Motion No. 79642; State v. Bekovich (Apr. 10, 1986), Cuyahoga App. Nos. 50058 and 50068, unreported, reopening disallowed (Oct. 28, 1996), Motion No. 73125. The applicant's trial occurred in 1983 and his appeal was decided in 1985. The Supreme Court of Ohio decided Pless in 1996. Applicant's appellate counsel cannot be declared ineffective for failing to anticipate the future development of the law in the area of jury waiver.
The applicant's sixth proposed assignment of error is that:
 THE TRIAL COURT COMMITTED NUMEROUS ERRORS OF FACT AND LAW DEPRIVING MR. BROOKS OF HIS DUE PROCESS AND EQUAL PROTECTION RIGHTS.
As previously stated., appellate counsel is not required to raise and argue meritless assignments of error. Jones v. Barnes, supra. We find no error associated with the trial court's consideration of a presentence investigative report or reliance upon a psychological report in imposing the sentence of death. In addition, the issue of mitigating factors versus aggravating circumstances was reviewed by the Supreme Court of Ohio and found to be without error. Res judicata bars further review of this issue. See State v. Brooks, supra, at 151.
The applicant's seventh proposed assignment of error is that:
OHIO'S DEATH PENALTY SCHEME IS UNCONSTITUTIONAL.
The issue of the constitutionality of Ohio's death penalty scheme was raised and argued before the Supreme Court of Ohio and found to be without merit. Res judicata bars further review of this issue. See, State v. Brooks, supra, at 154; State v. Martin (1985), 19 Ohio St.3d 122; State v. Mapes (1985), 19 Ohio St.3d 108.
The applicant's eighth proposed assignment of error is that:
 MR. BROOKS WAS DENIED THE EFFECTIVE ASSISTANCE OF COUNSEL ON APPEAL.
The applicant has failed to demonstrate that appellate counsel was ineffective upon appeal to this court. Consideration of the applicant's aforesaid seven assignments of error would not have resulted in a reversal of the applicant's conviction for three counts of aggravated murder and the sentence of death. Strickland v. Washington, supra; State v. Smith, supra; Vaughn v. Maxwell (1965) , supra.
Accordingly, the application for reopening is denied.
TERRENCE O'DONNELL, P.J., JAMES M. PORTER, J. CONCUR.
 ________________________________ LEO M. SPELLACY, JUDGE