DECISION AND JUDGMENT ENTRY
The Pike County Court of Common Pleas convicted Michael David Jennings of aggravated robbery, a first-degree felony violation of R.C.2911.01(A)(3), and felonious assault, a second-degree felony violation of R.C. 2911.03(A)(1). Jennings appeals, asserting that the trial court erred in not dismissing the charges against him because he did not receive a speedy trial. Because the speedy trial time tolled while Jennings' motion to determine competency was pending, and because Jennings waived his speedy trial rights, we disagree. Jennings also asserts that the trial court erred in finding him competent to stand trial without the benefit of a filed competency report. Because Jennings did not object at the competency hearing to the fact that the competency report had not been filed, and because the hearing transcript reflects that the trial court did in fact have the benefit of the competency report in making its determination, we disagree. Accordingly, we affirm the judgment of the trial court.
 I.
Jennings was arrested for aggravated robbery and felonious assault on September 22, 1999, and the Pike County Grand Jury indicted Jennings on those offenses on September 29, 1999. The trial court arraigned Jennings on October 12, 1999 and set the case for a jury trial on November 29, 1999. The court appointed attorney Garaczkowski to represent Jennings.
On November 23, 1999, through Garaczkowski, Jennings filed a motion to continue the trial due to Garaczkowski's prior obligations in another court. On December 1, 1999, through Garaczkowski, Jennings filed a notice executed by Jennings, stating that he waived his speedy trial rights pursuant to R.C. 2945.72(C) and (H). On December 6, 1999, the trial court granted Jennings' motion to continue, "pending the outcome of the competence evaluation." We note that the record does not contain any request for a competency evaluation prior to the court's December 6, 1999 order.
On December 16, 1999, again through Garaczkowski, Jennings filed a motion to evaluate his sanity at the time of his offenses and his competency to stand trial. The following day, the trial court issued orders to the Shawnee Forensic Center to evaluate Jennings for competency and sanity. The court ordered the examiner to file written reports of its findings within thirty days.
Although no scheduling order appears in the record, the record contains several subpoenas commanding individuals to appear as witnesses for the state on February 28, 2000. The next entry in the record is Jennings' March 6, 2000 renewed motion to evaluate for competency, filed through Garaczkowski. On March 9, 2000, the trial court issued an order granting Jennings' renewed motion to evaluate competency.
On April 6, 2000, Garaczkowski filed a motion to withdraw, which the trial court granted. The next item in the record, filed on April 7, 2000, is a pre-trial scheduling assignment, which lists Jay Wamsley as the attorney for Jennings. The record does not contain any entry appointing Wamsley as Jennings' attorney. On July 20, 2000, the trial court filed an order appointing Gary McCleese as Jennings' attorney. The following day, Wamsley filed a motion to withdraw as counsel for Jennings, but the trial court did not rule upon his motion.
Meanwhile, on the same day that the trial court appointed McCleese as Jennings' counsel, Jennings filed several pro se motions, including a motion to dismiss based on violation of the speedy trial deadline.
The trial court held a hearing on Jennings' motions and competency on September 20, 2000. McCleese was present at the hearing, but Jennings argued pro se before the court. Jennings argued that he did not receive a competency evaluation within thirty days as required by statute and court order. Jennings blamed the delays on Garaczkowski and Wamsley, who refused to attend the evaluations.[1]
The trial court determined that the delays in bringing Jennings to trial were brought about by Jennings, and therefore it denied his motion to dismiss. In reaching its conclusion, the trial court noted that it had several letters from Shawnee Forensic Center in its possession that indicated that Jennings refused to cooperate in the evaluations. Additionally, the trial court indicated that it had a written evaluation from the Shawnee Forensic Center in its possession. Based upon this evaluation, the trial court found Jennings to be competent. Neither the letters nor the evaluation that the trial court referenced at the hearing appears in the record.
The case proceeded to a jury trial wherein the jury found Jennings guilty of the charges against him. The trial court entered a judgment of conviction and sentenced Jennings accordingly. Jennings appeals, asserting the following assignments of error:
 The trial court erred in not dismissing the charges against the defendant upon his pre-trial motion in violation of R.C. 2945.71 and R.C. 2945.72(C).
 The court erred in finding the defendant competent to stand trial without the benefit of a filed competency report.
 II.
In his first assignment of error, Jennings asserts that the trial court erred in not granting his motion to dismiss. Jennings asserts that the state failed to bring him to trial within the time limits required by R.C. 2945.71. The state concedes that Jennings presents a prima facie
case for violation of speedy trial requirements, but contends that the trial court correctly determined that Jennings' own actions and waiver of speedy trial time tolled the speedy trial clock from November 23, 1999 through September 20, 2000.
On appellate review of a motion to dismiss for speedy trial violations, we conduct a de novo review of the trial court's application of the law to the facts. State v. Boso (Sept. 11, 1996), Washington App. No. 95CA10, unreported, citing State v. Howard (Mar. 4, 1994), Scioto App. No. 93CA2136, unreported. A defendant presents a prima facie case for discharge based upon a violation of speedy trial limitations by alleging in a motion to dismiss that he or she was held solely on the pending charge for a time exceeding the R.C. 2945.71 limits. State v. Butcher
(1986), 27 Ohio St.3d 28, 30-31; State v. Reuschling (1986),30 Ohio App.3d 81, 82. The burden then shifts to the state to show that the R.C. 2945.71 limitations have not been exceeded, which it must do by demonstrating that the time limit was extended pursuant to R.C. 2945.72.Butcher, supra at 31.
R.C. 2945.71(C)(2) establishes a two hundred-seventy day time limit for prosecution of felonies. Any day during which the accused is incarcerated counts as three days toward his speedy trial time; thus, the maximum number of days an accused may be incarcerated is ninety. R.C. 2945.71(E). R.C. 2945.72 provides that the speedy trial time can be extended under certain circumstances. Those relevant to the case at bar include:
 (B) Any period during which the accused is mentally incompetent to stand trial or during which his mental competence to stand trial is being determined[;]
* * *
 (E) Any period of delay necessitated by reason of a plea in bar or abatement, motion, proceeding, or action made or instituted by the accused;
* * *
 (H) The period of any continuance granted on the accused's own motion, and the period of any reasonable continuance granted other than upon the accused's own motion[.]
The period during which the mental competency of the accused to stand trial is being determined tolls the time in which the accused must be brought to trial. R.C. 2945.72(B); State v. Prim (1999),134 Ohio App.3d 142, 157, citing State v. Bowman (1987),41 Ohio App.3d 318; State v. Wilson (1982), 7 Ohio App.3d 219. Specifically, the time in which the accused must be brought to trial tolls from the time that the accused's competence is put at issue until the time that the trial court rules upon the accused's competency. State v.Palmer (1998), 84 Ohio St.3d 103, 106-107. This is true regardless of whether the competency evaluator actually files a report within the statutorily proscribed thirty-day time limit. Id. at 107.
In this case, the first continuance arose from Jennings' own motion requesting a continuance based upon his counsel's obligations in another court. That motion tolled the speedy trial clock beginning on November 23, 1999 pursuant to R.C. 2945.72(H). Then Jennings executed a waiver of his speedy trial right on December 1, 1999.
As of December 6, 1999, the trial court recognized that Jennings' competency was at issue, and Jennings filed a motion for a competency evaluation on December 16, 1999. Thus, the competency issue further tolled the speedy trial clock. Pursuant to Palmer, supra, the speedy trial clock did not begin to run again until the trial court made its competency determination, regardless of whether the competency evaluator filed his report in a timely manner. The trial court determined that Jennings was competent to stand trial on September 20, 2000. Jennings' trial began five days later, on September 25, 2000.
Jennings contends that the speedy trial clock did not toll between April 6, 2000 and July 20, 2000, because he was without counsel during that time period. Jennings correctly notes that the trial court never formally appointed Wamsley to represent him, and thus the record reflects that Jennings did not have counsel from the time that Garaczkowski withdrew to the time that McCleese entered an appearance. However, Jennings' own statements to the trial court indicate that Wamsley acted as his attorney in the interim. Moreover, while we wholeheartedly agree that the record keeping in Jennings' case file is unacceptable, we find that even if Jennings was entirely without counsel between the above dates, he nonetheless received a speedy trial. Because the speedy trial clock had already been stopped by the pending competency determination, the trial court's delay in appointing counsel did not affect the time in which Jennings was brought to trial.
Jennings earned credit for speedy trial days elapsed from September 21, 1999 to November 23, 1999, and from September 20, 2000 to September 25, 2000. The total number of days elapsed while Jennings was incarcerated was sixty-eight. This falls below the maximum of ninety. Thus, Jennings received a speedy trial.
Accordingly, we overrule Jennings' first assignment of error.
 III.
In his second assignment of error, Jennings asserts that the trial court erred in making a determination as to his competency to stand trial because the examiner did not comply with the statutory requirement that the examiner file a written report of his findings with the trial court. Additionally, the examiner did not testify as to Jennings' competency at a hearing before the court. The state contends that because the trial court did have a written competency evaluation in its possession, upon which the trial court relied in making its determination, the trial court did not err in ruling upon Jennings' competency despite the lack of a filed evaluation.
At the September 20, 2000 hearing to determine Jennings' competency, Jennings did not object to the trial court's consideration of the issue even though the examiner had not filed a written report in the record. Therefore, Jennings waived all but plain error. "Notice of plain error under Crim.R. 52(B) is to be taken with the utmost caution, under exceptional circumstances and only to prevent a manifest miscarriage of justice." State v. Landrum (1990), 53 Ohio St.3d 107, 111. The plainerror rule should not be invoked unless, but for the error, the outcome of the trial would clearly have been otherwise. See State v. Underwood
(1983), 3 Ohio St.3d 12.
R.C. 2945.37(G)(1) requires an examiner to file his findings regarding the defendant's competency in a written report to the court. See Statev. Sullivan (2001), 90 Ohio St.3d 502, 503, fn. 1. However, the examiner's failure to file a competency report does not require a conclusion that the defendant is not competent to stand trial. Id. In fact, R.C. 2945.37(G) provides in part that a defendant is "presumed to be competent to stand trial." State v. Kovacek (May 30, 2001), Lorain App. No. 00CA007713, unreported. The defense bears the burden of showing that the defendant is not competent to stand trial. R.C. 2945.37; Statev. Filiaggi (1999), 86 Ohio St.3d 230, 236.
A defendant is competent to stand trial unless he is incapable of understanding the nature and objective of the proceedings against him or of presently assisting in his defense. Filiaggi at 236. The court may rely upon its own observations of a defendant in determining the defendant's competence to stand trial. Id. The determination of competence is within the trial court's discretion, and we will not reverse the trial court's determination absent an abuse of that discretion. Id., citing State v. Schiebel (1990), 55 Ohio St.3d 71, paragraph one of the syllabus. We cannot consider a competency report that was not filed in the trial court when reviewing the trial court's competency determination. Sullivan, supra, at 503, fn. 1.
In this case, Jennings' behavior at the hearing to determine his motion to dismiss and his competence demonstrated his competence to stand trial. Jennings exhibited his understanding of the proceedings and assisted in his defense by arguing a motion to dismiss so capably that his counsel saw fit to appeal the trial court's denial of that motion. Therefore, we find that the trial court did not abuse its discretion in determining that Jennings was competent. Because the trial court did not abuse its discretion, we furthermore find that, while the trial court's failure to require that the competency report be filed before the court considered it constitutes error, it does not amount to plain error.
Accordingly, we overrule Jennings' second assignment of error, and we affirm the judgment of the trial court.
 JUDGMENT ENTRY
It is ordered that the JUDGMENT BE AFFIRMED and Appellee recover of Appellant costs herein taxed.
The Court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this Court directing the Pike County Court of Common Pleas to carry this judgment into execution.
If a stay of execution of sentence and release upon bail has been previously granted by the trial court or this court, it is continued for a period of sixty days upon the bail previously posted. The purpose of said stay is to allow appellant to file with the Ohio Supreme Court an application for a stay during the pendency of proceedings in that court. The stay as herein continued will terminate in any event at the expiration of the sixty day period.
The stay shall terminate earlier if the appellant fails to file a notice of appeal with the Ohio Supreme Court in the forty-five day appeal period pursuant to Rule II, Sec. 2 of the Rules of Practice of the Ohio Supreme Court. Additionally, if the Ohio Supreme Court dismisses the appeal prior to expiration of said sixty days, the stay will terminate as of the date of such dismissal.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure. Exceptions.
Harsha, J. and Evans, J. Concur in Judgment and Opinion.
_____________________ Roger L. Kline, Judge
[1] We note that a defendant is not entitled to the assistance of counsel at a competency evaluation. Weaver v. Gill (1980),633 F.2d 737.